United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————————

No. 02-50255

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL PRESTON PERKINS,

Defendant-Appellant.

—————————————————————————————

Appeal from the United States District Court for
the Western District of Texas

—————————————————————————————

Before REAVLEY, JONES and CLEMENT, Circuit Judges.

REAVLEY, Circuit Judge:

Paul Preston Perkins was convicted on his guilty plea and sentenced for possession

with intent to distribute 100 kilograms or more of marijuana. His plea was conditioned on

the right to appeal the district court's denial of his motion to suppress the marijuana

obtained after the stop of his vehicle by Border Patrol agents.

The Border Patrol agents were patrolling a road closely parallel to the Mexican

border, a road alien smugglers frequently use, when told to be on the lookout for an RV

loaded with drugs. That morning, the Border Patrol had received information from a confidential informant that a vehicle was being loaded with drugs and would depart from Redford, Texas, that morning. The agent had received accurate information from the informer in the past and he was considered to be reliable.

The agents on patrol encountered an RV coming from the direction of Redford, stopped it, were given consent to search by the defendant, and found the marijuana in sugar sacks on the floor of the RV.

## A. Reasonable Suspicion to Stop

In order to conduct an investigatory stop, law enforcement must possess some objective evidence that the person stopped is, or is about to be, engaged in criminal activity. See Brown v. Texas, 443 U.S. 47, 51, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979). Based on the totality of the circumstances, law enforcement must have a particularized and objective reason for suspecting criminal activity has been or is about to be committed by the individual stopped. Id. at 51, 99 S.Ct. at 2640.

Anonymous tips may provide the reasonable suspicion necessary to justify an investigatory stop. See Alabama v. White, 496 U.S. 325, 327-29, 110 S.Ct. 2412, 2415, 110 L.Ed.2d 301 (1990). A "Be on the Look Out" (BOLO) report informed by anonymous tips may also provide reasonable suspicion. See United States v. Hensley, 469 U.S. 221, 231-33, 105 S.Ct. 675, 682, 83 L.Ed.2d 604 (1985). In assessing whether an anonymous tip informing a BOLO report creates a sufficient basis for an investigatory stop, the court should assess several factors including: (1) the credibility and reliability of

2

the informant; (2) the specificity of the information contained in the tip or BOLO report; (3) the ability of officers in the field to verify the information in the field; and (4) whether the tip deals with active or recent activity. See Alabama, 496 U.S. at 328-32, 110 S.Ct. at 2415-17.

Here, the informant providing the tip was known to be reliable and credible. He had proven his reliability in the past. His prediction of the time of the RV's departure from Redford matched the arrival at the location of the patrolling agents, confirming the accuracy of the information. See Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). This evidence supports the district court's finding of reasonable suspicion.

## B. The Authority of Border Patrol Agents

This court has held that Border Patrol agents may make roving stops on the basis of reasonable suspicion of any criminal activity, and are not limited to suspicion of violation of immigration laws. See United States v. Ceniceros, 204 F.3d 581, 584 (5th Cir. 2000); United States v. Castenada, 951 F.2d 44, 46-47 (5th Cir. 1992). In United States v. Cortez, the Supreme Court concluded:

> We have recently held that stops by the Border Patrol may be justified under circumstances less than those constituting probable cause for arrest or search. Thus, the test is not whether Officers Gray and Evans had probable cause to conclude that the vehicle they stopped would contain "Chevron" and a group of illegal aliens. Rather the question is whether, based upon the whole picture, they, as experienced Border Patrol officers, could reasonably surmise that the particular vehicle they stopped was *engaged in criminal activity*. On this record they could so conclude.

3

449 U.S. 411, 421-22, 101 S.Ct. 690, 697, 66 L.Ed.2d 621 (1981) (emphasis added).

AFFIRMED.