**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 25, 2011

Lyle W. Cayce
Clerk

No. 10-50556
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERIBERTO MARIN-HIPOLITO, also known as Marin Hipolito-Heriberto,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:99-CR-1338-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Heriberto Marin-Hipolito pleaded guilty to possessing with intent to distribute 100 kilograms or more of marijuana and was sentenced to 63 months of imprisonment and five years of supervised release. He appeals the district court's denial of his motion to suppress evidence and statements obtained as the result of the search of a van on his property.

This court reviews the denial of a motion to suppress in the light most favorable to the prevailing party, reviewing findings of fact for clear error and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

questions of law de novo. *United States v. Garcia*, 604 F.3d 186, 189-90 (5th Cir.), *cert. denied*, 131 S. Ct. 291 (2010). Our review of factual findings is particularly deferential when the suppression motion is based on live testimony. *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir.), *cert. denied*, 131 S. Ct. 158 (2010).

There was no error in the district court's denial of Marin-Hipolito's motion to suppress. There was testimony at the suppression hearing that, among other things, Marin-Hipolito verbally consented to the search of the van, cooperated with the police and gave them the van keys, was not formally arrested or restrained, knew he had the right to refuse consent, and knew the reason the police wanted to conduct a search. Although there was conflicting testimony at the suppression hearing regarding the timing and scope of consent, we defer to the district court's credibility determinations and factual findings.

The legal conclusion that the scope of consent included the van was not erroneous given the circumstances. *See United States v. Mendez*, 431 F.3d 420, 426-27 (5th Cir. 2005). In addition, in light of the testimony, the district court's finding that Marin-Hipolito voluntarily consented to the search was not clearly erroneous. *See id.* at 429-30. The judgment of the district court is AFFIRMED.