**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2011

Lyle W. Cayce
Clerk

No. 10-40487

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FERNANDO MUNOZ-MARTINEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2877

Before JONES, Chief Judge, and HIGGINBOTHAM and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Fernando Munoz-Martinez pled guilty to transporting an illegal alien within the United States. He conditioned his plea on the outcome of a motion to suppress the evidence acquired by the Border Patrol agents who pulled over his vehicle. The district court denied the motion. We AFFIRM.

On the evening of December 2, 2009, Fernando Munoz-Martinez was driving a pickup-truck south on Interstate 35. Near Artesia Wells, Texas, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40487

is about 56 miles north of the border with Mexico, two Border Patrol agents observed a pickup-truck exit onto Highway 133. Ten to 15 minutes later, the agents saw what appeared to be the same truck return onto I-35 and head north. After following the vehicle for seven miles, the agents suspected that it was involved in alien smuggling. We discuss the basis of their suspicion below. The agents made an investigatory stop and discovered eight illegal aliens in the truck, including the driver, Munoz-Martinez.

Munoz-Martinez was charged in a two-count indictment with transporting aliens who were in the United States unlawfully. *See* 8 U.S.C. § 1324; 18 U.S.C. § 2. Munoz-Martinez pled guilty to one count, conditioning his plea on the outcome of a motion to suppress evidence. He argued that the agents lacked reasonable suspicion to justify an investigative stop. After holding an evidentiary hearing, the district court denied the motion. Munoz-Martinez was sentenced to 12 months plus a day of imprisonment and to three years of supervised release. Munoz-Martinez filed a timely appeal.

DISCUSSION

In reviewing the denial of a motion to suppress evidence, this court reviews the district court's factual findings for clear error and its legal conclusions *de novo. United States v. Rangel-Portillo*, 586 F.3d 376, 379 (5th Cir. 2009). The denial of the motion is reviewed in the light most favorable to the prevailing party. *United States v. Garcia*, 604 F.3d 186, 189-90 (5th Cir. 2010).

The Fourth Amendment of the United States Constitution permits roving Border Patrol agents to "stop vehicles only if they are aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country." *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975). The following factors inform whether reasonable suspicion existed:

> (1) proximity to the border; (2) characteristics of the area; (3) usual traffic patterns; (4) agent's previous experience in detecting illegal

activity; (5) behavior of the driver; (6) particular aspects or characteristics of the vehicle; (7) information about recent illegal trafficking in aliens or narcotics in the area; and (8) the number, appearance, and behavior of the passengers.

*United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001) (citations omitted). "No single factor is dispositive," rather, "each case must be examined based on the totality of the circumstances known to the agents at the time of the stop and their experience in evaluating such circumstances." *Rangel-Portillo*, 586 F.3d at 380 (quotation marks and citation omitted). A collection of factors that usually constitute innocent behavior may add up to reasonable suspicion in the mind of an experienced officer. *Jacquinot*, 258 F.3d at 427-28.

A vital element in this analysis "is whether the agents had reason to believe that the vehicle in question recently crossed the border." *Id.* at 428 (citation omitted). We have generally viewed "a car traveling more than 50 miles from the border . . . as being too far from the border to support an inference that it originated its journey there." *Id.* Munoz-Martinez was first identified by the Border Patrol agents 56 miles north of the border. The agents testified that according to a computer check of the licence plate, Munoz-Martinez had not recently passed through the border checkpoint on I-35. In light of this information, the proximity factor does not weigh in favor of reasonable suspicion.

Also important is that "a road's reputation as a smuggling route adds to the reasonableness of the agents' suspicion." *Id.* at 429 (quotation marks, emphasis, and citation omitted). The agents testified that the area where Munoz-Martinez was stopped is notorious for drug-and alien-smuggling activity. Moreover, Munoz-Martinez's purple, low-riding pickup-truck aroused suspicion, as it was atypical of traffic in the area, which primarily included vehicles related to the oil industry, ranching, and hunting. *See United States v. Moreno-Chaparro*, 180 F.3d 629, 632-33 (5th Cir. 1998); *United States v. Inocencio*, 40 F.3d 716, 723 (5th Cir. 1994). There was testimony that a truck such as this

traveling on the state highway in this area after exiting the Interstate was unusual.

Munoz-Martinez's driving behavior was also reasonably suspicious. *See Jacquinot*, 258 F.3d at 429-30. He initially drove south on I-35, exited into a rural area with no houses, then returned to I-35, northbound. While the agents were driving parallel to Munoz-Martinez's vehicle, they witnessed the head of a previously unseen third passenger "pop up" between the driver and the second passenger, and then return back down. Further, it was suspicious that Munoz-Martinez dramatically slowed his vehicle's speed in half, to about 30 miles-per-hour in a 65 miles-per-hour zone, when he became aware of the agents' presence, though he was never speeding. *See id.*

Also to be considered is that neither agent had been employed by the Border Patrol for more than a year-and-a-half. One of the agents testified about his experience with smugglers' reactions to law enforcement and stated that he had been involved in smuggling stops after witnessing "bailouts" five or six times. Such testimony indicates that during his brief time as an agent, he had accumulated pertinent experience and that he was relatively knowledgeable. *See United States v. Zapata-Ibarra*, 212 F.3d 877, 882 (5th Cir. 2000). Moreover, an agent's inexperience, by itself, does not make his suspicions unreasonable. *United States v. Neufeld-Neufeld*, 338 F.3d 374, 382 (5th Cir. 2003).

We find that the totality of these circumstances created the requisite reasonable suspicion that the occupants of the pickup-truck were involved in alien smuggling. *See Jacquinot*, 258 F.3d at 430. The district court did not err when it denied Munoz-Martinez's motion to suppress the evidence.

AFFIRMED.