# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2011

No. 11-30212
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH J. ARDOIN, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-29-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Kenneth J. Ardoin, Sr., appeals his guilty plea conviction for manufacturing and possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and possessing a machine gun in violation of 18 U.S.C. § 922(o). He contends that the district court legally erred when it denied his motion to suppress all evidence obtained following the warrantless searches of his vehicle and residence. Specifically,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ardoin contends that the district court erred when it classified the initial encounter as a consensual knock and talk investigation rather than a seizure. He notes that, although the officers intended to conduct a knock and talk investigation, they encountered him in his vehicle as he attempted to leave his residence. Thus, he argues that the encounter was more akin to a traffic stop and ripened into a seizure when the officers blocked his vehicle from exiting the driveway. Ardoin also contends that the district court erred by failing to address whether a reasonable person would have believed that he was not free to leave, that the district court incorrectly determined that he was not seized, and that the officers lacked reasonable, articulable suspicion or probable cause to stop his vehicle and detain him for questioning.

"We review the denial of a motion to suppress in the light most favorable to the prevailing party, here the government." *United States v. Garcia*, 604 F.3d 186, 189-90 (5th Cir.), *cert. denied*, 131 S. Ct. 291 (2010). The district court's factual findings are reviewed for clear error, and its legal conclusions are reviewed de novo. *Id.* at 190. "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001).

Whether Ardoin was seized for purposes of the Fourth Amendment presents a close question that we need not answer in order to resolve this appeal. Assuming, without deciding, that Ardoin was seized by officers on the night in question, we find that the officers had reasonable suspicion sufficient to detain Ardoin.

A law enforcement officer may, consistent with the Fourth Amendment, temporarily detain a person when the officer has a reasonable, articulable suspicion that a person has committed or is about to commit a crime. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968); *United States v. Chavez*, 281 F.3d 479, 485 (5th Cir. 2002). Under *Terry*, we conduct a two-part inquiry, examining "whether the officer's action was justified at its inception, and whether it was reasonably

2

related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 U.S. at 19-20; *see also United States v. Pack*, 612 F.3d 341, 350 (5th Cir. 2010).

Reasonable suspicion has been described as "a particularized and objective basis for suspecting the person stopped of criminal activity." *Ornelas v. United States*, 517 U.S. 690, 696 (1996) (citation and internal quotation marks omitted); *see also Chavez*, 281 F.3d at 485. "The officer must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000) (citation and internal quotation marks omitted). In assessing the validity of a stop, the court considers "the totality of the circumstances—the whole picture." *United States v. Sokolow*, 490 U.S. 1, 7-8 (1989) (citation and internal quotation marks omitted).

Detective Perkins testified that he had received several tips from anonymous sources and from reliable confidential informants that Ardoin was manufacturing and selling methamphetamine from his residence. We have recognized that "[a]nonymous tips may provide the reasonable suspicion necessary to justify an investigatory stop." *United States v. Perkins*, 352 F.3d 198, 199 (5th Cir. 2003); *see Alabama v. White*, 496 U.S. 325, 332 (1990). Further, reasonable suspicion can be "based on information provided by a confidential informant, if the information possesses an indicia of reliability." *United States v. Roch*, 5 F.3d 894, 898 (5th Cir. 1993) (citations and internal quotation marks omitted). The combination of tips from anonymous sources and from reliable confidential informants provided sufficient reasonable suspicion to justify the seizure. Ardoin does not dispute that, based on the available information, the officers had a reasonable suspicion upon which to approach his home to conduct a knock and talk investigation. Instead, he argues that "[a]n officer's reasonable suspicion regarding activities at one location – a house – does not provide the officer with reasonable suspicion to detain a suspect at a different location – a car." This argument ignores the fact that the tips not only

identified the residence as involved in criminal activity but specifically identified Ardoin as the individual who manufactured and sold the methamphetamine, and thus gave rise to reasonable suspicion as to both the location and the individual.

Ardoin cites no authority for his proposition that a stop must be made at the location of the suspected criminal activity. In fact, we have recently rejected such an assertion. In *United States v. Zamora*, __ F.3d __, 2011 WL 4953992, at *4 (5th Cir. Oct. 19, 2011), the police stopped a vehicle driven by Zamora in part based upon information provided by a confidential informant that drugs were located at Zamora's residence. We explained that, "the tip that drugs might be located at [Zamora's residence] provided the officers with reasonable suspicion justifying the stop of the car," given the tip's reliability. *Id.* Furthermore, "the officers had good reason to connect . . . Zamora to the . . . residence," as the officers had observed Zamora around the premises during their earlier monitoring of the property. *Id.* at *2, *4. The mere fact that Zamora was not at his residence when the stop was made did not alter the reasonable suspicion analysis. The same reasoning applies here. Reasonable suspicion did not disappear simply because Ardoin walked from his residence to his vehicle. We therefore conclude that the seizure was "justified at its inception." *Pack*, 612 F.3d at 350. We also conclude that the officers' subsequent actions in this case "were reasonably related in scope to the circumstances" that led to the stop in the first place, as those actions were based upon the reasonable suspicion that Ardoin had committed a drug-related offense. *Id.*

Because we conclude that the police had reasonable suspicion to justify the seizure, Ardoin's consent to the searches of his vehicle and residence was not tainted or invalid. Therefore, the district court did not err when it denied his motion to suppress.

Accordingly, the district court's judgment is AFFIRMED.