# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2012

No. 11-51119
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLA NANDIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1542-1

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carla Nandin appeals the sentence imposed following her guilty plea conviction of possession with intent to distribute 50 kilograms or more of marijuana. She argues that the district court clearly erred by enhancing her sentence pursuant to U.S.S.G. § 3B1.4 based on a finding that she used her minor children to commit the offense. She also argues that there is a conflict between the written judgment and the oral pronouncement that requires amendment of the written judgment to conform with the oral pronouncement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3B1.4 provides that a defendant who "used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense" is subject to a two-level sentence enhancement.  § 3B1.4.  Generally, in order for the enhancement to be applicable, "the defendant must take some affirmative action to involve the minor in the offense." *United States v. Mata*, 624 F.3d 170, 176 (5th Cir. 2010). The determination whether Nandin used or attempted to use a minor to assist in avoiding detection within the meaning of § 3B1.4 is a conclusion of law that this court reviews de novo, while any findings of fact made in support of that determination are reviewed for clear error.  *See United States v. Molina*, 469 F.3d 408, 412-16 (5th 2006).

There was no evidence in this case that the minor children were used in any way to secrete the drugs hidden in the vehicle.  Thus, the children were merely present during the commission of the offense.  When confronted with a scenario where the minors are merely present during the commission of an offense, "[t]he district court should consider additional circumstantial evidence to determine whether the defendant used the minor to avoid detection." *Mata*, 624 F.3d at 176.  "When a defendant's crime is previously planned - when, for example, she leaves the house knowing she is on her way to smuggle drugs, or intending to pick up a person who is unlawfully present in the United States - the act of bringing the child along instead of leaving the child behind is an affirmative act that involves the minor in the offense." *Id*.

The record establishes that Nandin planned her crime in advance.  Given her prior knowledge that she would be driving a load of marijuana, the district court concluded that Nandin had ample opportunity to make childcare arrangements for her children.  Because Nandin knowingly brought her children with her, the district court could infer that she hoped to avoid detection by having the children present.  *See United States v. Caldwell*, 448 F.3d 287, 292 (5th Cir. 2006).  Therefore, the district court did not err in finding that Nandin

brought her children with her to avoid detection.  *See Mata*, 624 F.3d at 173, 176.

The written judgment contains an order providing that Nandin is ineligible for all federal benefits for five years pursuant to 21 U.S.C. § 862, but the court did not announce that order at sentencing.  Nandin argues, and the Government concedes, that the inclusion in the written judgment of the order denying federal benefits creates a conflict between the judgment and the oral pronouncement of sentence.  In light of the Government's concession, we remand to the district court to amend the written judgment to conform to the oral pronouncement.  *See United States v. Garcia*, 604 F.3d 186, 191 (5th Cir.), *cert. denied*, 131 S. Ct. 291 (2010).

AFFIRMED; REMANDED FOR AMENDMENT OF WRITTEN JUDGMENT TO CONFORM TO ORAL SENTENCE.