# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2012

Lyle W. Cayce
Clerk

No. 11-41163
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES WESLEY SNELLGROVE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-182-1

Before JONES, Chief Judge, and DAVIS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Wesley Snellgrove appeals his conviction and sentence for being a felon in possession of a firearm and possession of a firearm not registered in the National Firearms Registration and Transfer Record. He was sentenced to 92 months of imprisonment on each count to be served concurrently and three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41163

He contends on appeal that the district court erred in denying his motion to suppress evidence. He contends that the warrantless search of his residence was illegal because he did not voluntarily consent to the search of the premises.

This court "review[s] the denial of a motion to suppress in the light most favorable to the prevailing party," which in this case is the Government. *United States v. Garcia*, 604 F.3d 186, 189-90 (5th Cir. 2010). The district court's factual findings, including its credibility choices, are reviewed for clear error, and its legal conclusions are reviewed de novo. *Id.* at 190. A finding is clearly erroneous "only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *United States v. Ornelas-Rodriguez*, 12 F.3d 1339, 1347 (5th Cir. 1994) (internal citation and quotation marks omitted). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).

A search conducted pursuant to consent, as in the instant case, is a "well-established exception to the Fourth Amendment's warrant requirement." *United States v. Mata*, 517 F.3d 279, 290 (5th Cir. 2008). The consent exception is satisfied if the consent to search was freely and voluntarily given. *Id.* The voluntariness of consent is a question of fact that is reviewed for clear error. *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002).

In determining whether a defendant has voluntarily consented to a search, the court must look at the totality of the circumstances that surround the search. This court has recognized six factors relevant to determining voluntariness:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's

education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*Mata*, 517 F.3d at 290.

Snellgrove's argument that he did not voluntarily consent to the search of his residence is based on the version of events as presented through Snellgrove's testimony and the testimony of Jacqueline O'Brien (O'Brien), and Amy Larrivee (Larrivee).  The district court, however, found the marshals' testimony credible and Snellgrove's, O'Brien's, and Larrivee's testimony to be incredible.  Snellgrove fails to show that the district court erred in making its credibility determinations.  Snellgrove does not set forth and the record does not reveal any evidence that establishes a definite and firm conviction that the district court's credibility determination was erroneous.  *See United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997).  Accordingly, this court "will not second guess the district court's factual findings as to the credibility of witnesses."  *Id.*

Given the version of events the district court found credible, the district court did not clearly err in finding that the marshals obtained voluntary consent to search Snellgrove's residence.  The facts establish that (1) Snellgrove and O'Brien were not in custody at the time they consented to the search that resulted in the discovery of the shotgun, (2) Snellgrove's and O'Brien's consent was not the result of coercive procedures, (3) Snellgrove and O'Brien remained cooperative throughout the search, (4) Snellgrove and O'Brien volunteered for the officers to search the residence, (5) with Snellgrove's prior experience with the criminal justice system and O'Brien's education, both should have known that absent consent, a warrant would be needed to search the residence, and (6) Snellgrove and O'Brien did not believe anything incriminating would be found.  Accordingly, under the totality of the circumstances, the district court's finding of voluntary consent is not clearly erroneous.  *See Mata*, 517 F.3d at 290; *Garza*, 118 F.3d at 283.

No. 11-41163

As for Snellgrove's assertion that the marshals' presence and authority were coercive by nature, the credible facts show that his claim is unavailing. As for Snellgrove's argument that the officers exceeded the scope of the protective sweep, the officers were not making a protective sweep. "A 'protective sweep' is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *Maryland v. Buie*, 494 U.S. 325, 327 (1990). As the officers informed Snellgrove and O'Brien, the officers were searching for Frost, and Snellgrove and O'Brien volunteered for the officers to search the residence to see that Frost was not in the residence. There is no evidence in the record that Snellgrove or O'Brien placed a limitation on the areas in the residence the officers could search.

Accordingly, the search was constitutionally permissible, and the district court did not err in denying Snellgrove's motion to suppress.

AFFIRMED.