# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30272
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
January 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARD LATHAN SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-106-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Gerard Lathan Smith was convicted of one count of possession with intent to distribute 500 grams or more of cocaine following a bench trial on stipulated facts. In this appeal, he challenges the district court's denial of his motion to suppress evidence seized during a warrantless search of his truck. He contends that his consent to the search was involuntary and the product of implicit coercion by the searching officer.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30272

"A search conducted pursuant to consent is excepted from the Fourth Amendment's warrant and probable cause requirements." *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). "The voluntariness of consent is a question of fact to be determined from a totality of the circumstances" and is reviewed for clear error. *Id.* (internal quotation marks and citation omitted). We analyze the following six factors to determine whether consent to a search was voluntarily given:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*Id.* at 436 & n.21 (internal quotation marks and citation omitted).

In this case, following an evidentiary hearing and review of a recording of the traffic stop, the district court determined that Smith voluntarily consented to the search because there was no evidence of police coercion and he was informed several times of his opportunity to refuse consent. The district court's finding of voluntariness based on the totality of circumstances is a reasonable view of the evidence *See Solis*, 299 F.3d at 436 & n.21; *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010). Smith's reargument of the six factors on appeal fails to establish "a definite and firm conviction that a mistake has been made." *Scroggins*, 599 F.3d at 440. His analogy to *United States v. Zavala* is inapposite because that case turned on specific circumstances not present here. *See* 459 F. App'x 429, 433-36 (5th Cir. 2012).

There is a clerical error in the judgment. Smith pleaded not guilty and his guilt was determined by the court after a bench trial, but the judgment erroneously reflects that he pleaded guilty. The case is remanded for correction

No. 16-30272

of this error.  FED. R. CRIM. P. 36; *see United States v. Garcia,* 604 F.3d 186, 191-92 (5th Cir. 2010).

AFFIRMED and REMANDED with instruction.