# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2017

Lyle W. Cayce
Clerk

No. 16-51232
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ALBERTO ARAGON-PINELA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-45-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Aragon-Pinela was charged with possession with intent to distribute more than 50 kilograms of marijuana. Aragon-Pinela moved to suppress evidence obtained from a warrantless stop of his vehicle by Border Patrol agents. Following a hearing, the district court denied the motion to suppress. Aragon-Pinela waived his right to a jury trial, reserved his right to appeal the denial of his motion to suppress, and proceeded to a bench trial on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stipulated facts.  The district court found Aragon-Pinela guilty as charged.  The district court adopted the Presentence Report, which gave Aragon-Pinela a two-level reduction for his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), and sentenced Aragon-Pinela to a 27-month term of imprisonment and a three-year term of supervised release.

Aragon-Pinela argues that the district court erred when it denied his motion to suppress.  He argues that the investigatory stop of his vehicle was not based on reasonable suspicion as required by the Fourth Amendment.

In reviewing the denial of a motion to suppress evidence, this court reviews the constitutionality of the stop, including whether there was reasonable suspicion, de novo.  *United States v. Rodriguez*, 564 F.3d 735, 734 (5th Cir. 2009).  Factual findings are reviewed for clear error.  *United States v. Garcia*, 604 F.3d 186, 190 (5th Cir. 2010).

The totality of the circumstances support the district court's determination that the agents had reasonable suspicion to stop Aragon-Pinela's vehicle.  The proximity to the border favors reasonable suspicion because although Aragon-Pinela's vehicle was stopped more than 200 miles from the border, the agents performed a lane check on Aragon-Pinela's vehicle and knew that the vehicle had crossed the United States-Mexico border that morning.  *See United States v. Jacquinot*, 258 F.3d 423, 428 (5th Cir. 2001); *United States v. Inocencio*, 40 F.3d 716, 722 n.6 (5th Cir. 1994).  The characteristics of the area, usual traffic patterns of the road, the agent's experience, and information about recent illegal trafficking of aliens or narcotics in the area also support reasonable suspicion.  The agents who stopped Aragon-Pinela's vehicle had a combined border patrol experience of 33 years and had made numerous seizures of contraband in the area of the stop.  *See United States v. Ramirez*, 839 F.3d 437, 440 (5th Cir. 2016) (stating that

experience is entitled to "significant weight"); *Jacquinot*, 258 F.3d at 429; *United States v. Chavez-Chavez*, 205 F.3d 145, 149 (5th Cir. 2000); *see also United States v. Cervantes*, 797 F.3d 326, 336-37 (5th Cir. 2015). Lastly, Aragon-Pinela's driving behavior, when viewed in combination with the aforementioned factors, supports a determination of reasonable suspicion. *Cervantes*, 797 F.3d at 333-34. Accordingly, the district court did not err in denying Aragon-Pinela's motion to suppress. *See Cervantes*, 797 F.3d at 328-39.

Aragon-Pinela also argues that the district court erred when it allowed the government to withhold its U.S.S.G. § 3E1.1(b) motion for a third-point reduction for acceptance of responsibility on the ground that Aragon-Pinela refused to waive his appellate rights. A district court's legal interpretations of the Sentencing Guidelines are reviewed de novo and its factual findings for clear error. *United States v. Silva*, 865 F.3d 238, 244 (5th Cir. 2017).

Section 3E1.1(a) provides that if a "defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Section 3E1.1(b) provides that the offense level may be reduced an additional level if the offense level prior to an acceptance of responsibility reduction is 16 or more and if the government moves for such a reduction and represents that the defendant "has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

A review of the record reveals that the Government had valid reasons for not filing a § 3E1.1(b) motion, which included that Aragon-Pinela's case was delayed and rescheduled "for quite a period of time," that Aragon-Pinela's case

No. 16-51232

came close to the trial date, and that Aragon-Pinela chose not to debrief. The district court did not erred when it allowed the government to withhold its § 3E1.1(b) motion. *See Silva*, 865 F.3d at 238.

AFFIRMED.