# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20084
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS RAMIREZ-HIDALGO, also known as Jesus Hidalgo Ramirez, also known as Josue Godoy, also known as Josue Isidro Godoy Ramirez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-451-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Ramirez-Hidalgo pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) & (b), and received a below-Guidelines sentence of 21 months' imprisonment.

In challenging the sentence imposed, Ramirez contends an ambiguity exists between the district court's oral pronouncement of his prison term and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-20084

the term memorialized in the written judgment.  Both the oral pronouncement and the written judgment stated Ramirez was sentenced to a 21-month prison term.  The written judgment also stated the 21-month term included credit for one month during which Ramirez was in the custody of the United States Immigration and Customs Enforcement (ICE).  The oral pronouncement was silent regarding any credit for time spent in ICE custody.

Because Ramirez had no occasion to object to the later-issued written judgment, our review is for abuse of discretion.  *E.g.*, *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003).  "[W]hen there is a conflict between a written [judgment] and an oral pronouncement, the oral pronouncement controls."  *E.g.*, *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).  "If the differences between the two sentences create merely an ambiguity, however, then we must look to the intent of the sentencing court, as evidenced in the record to determine the defendant's sentence."  *Torres-Aguilar*, 352 F.3d at 935 (internal quotation marks and citation omitted).  If, upon review, the district court's intent is unclear, our court vacates the sentence and remands for resentencing.  *E.g.*, *United States v. Garcia*, 604 F.3d 186, 191 (5th Cir. 2010).

There is no conflict or ambiguity between the oral pronouncement of sentence and written judgment.  Each clearly imposes a total prison sentence of 21 months.  That the written judgment states the sentence "provides credit for" one month of ICE custody, and the oral pronouncement was silent on this point, does not create an ambiguity because both the written judgment and the oral pronouncement show the district court clearly and unequivocally intended to impose a 21-month prison term.  Furthermore, both the written judgment and the oral pronouncement are clear that the 21-month sentence imposed reflects a downward variance from the applicable Guidelines range of 24 to 30

2

months.    Because there is no conflict or ambiguity between the written judgment and the oral pronouncement, there is no need to remand for resentencing.  *E.g.*, *id.*

Ramirez also asserts that, in the light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), 18 U.S.C. § 16(b) is unconstitutionally vague.  He concedes this court has rejected a challenge to the constitutionality of § 16(b) based on *Johnson*.  *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 677 (5th Cir. 2016) (en banc).  He notes, however, the Court has granted certiorari in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), to resolve a circuit split over *Johnson*'s effect on § 16(b).  Nonetheless, the grant of certiorari in *Dimaya* does not alter this court's holding in *Gonzalez-Longoria*.  *Wicker v. McCotter*, 798 F.2d 155, 157–58 (5th Cir. 1986).

AFFIRMED.