# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2018

Lyle W. Cayce
Clerk

No. 17-20084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS RAMIREZ-HIDALGO, also known as Jesus Hidalgo Ramirez, also known as Josue Godoy, also known as Josue Isidro Godoy Ramirez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-451-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BARKSDALE and OWEN, Circuit Judges.[1]

PER CURIAM:[*]

---

[1] Judge Edward Prado, a member of the original panel in this case, retired from the court on 2 April 2018, and, therefore, did not participate in this opinion. It is issued by a quorum. *See* 28 U.S.C. § 46(d).

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-20084

In *United States v. Ramirez-Hidalgo*, 707 F. App'x 850 (5th Cir. 2018), our court affirmed appellant's sentence of 21 months' imprisonment. As relevant here, we held, pursuant to *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), that 18 U.S.C. § 16(b), under which the district court concluded Ramirez had been convicted of a "crime of violence", was not unconstitutionally vague. On 17 April 2018, however, the Supreme Court, in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018), held § 16(b) is unconstitutionally vague.

As a result, the Court, for the case at hand, granted *certiorari*, vacated, and remanded to our court "for further consideration in light of *Sessions v. Dimaya*", with the judgment's being entered on 27 July 2018. *Ramirez-Hidalgo v. United States*, No. 17-7793 (U.S. 25 June 2018).

Accordingly, this case is REMANDED to district court for further proceedings consistent with *Dimaya*.