# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30406
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JOSE ALONSO HERNANDEZ,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-67-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Alonzo Hernandez entered a conditional guilty plea to possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i), reserving the right to appeal the district court's denial of his motion to suppress the evidence discovered during a traffic stop in which Louisiana state troopers found packages of heroin hidden in his car's battery. On appeal, he argues that the district court erred by denying his motion to suppress

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because (1) the vehicle's momentary touching of the fog line did not violate Louisiana law and did not constitute a traffic violation, and therefore the traffic stop was unlawful, and (2) a reasonable person would not expect general consent to search a vehicle to extend to the car's sealed battery, and therefore the troopers violated the Fourth Amendment by lifting the top of the battery.

"When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). In addition to deferring to the district court's factual findings, we view the evidence in the light most favorable to the prevailing party, which in this case is the Government. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

First, the legality of a traffic stop is analyzed under the "two-tiered reasonable suspicion inquiry" articulated in *Terry v. Ohio*, 392 U.S. 1 (1968), which evaluates "whether the officer's action was justified at its inception," and "whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place." *United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003). "For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity," such as a traffic violation, "occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005); *see Whren v. United States*, 517 U.S. 806, 810 (1996). A vehicle touching the fog line, even momentarily, violates Louisiana Revised Statute 32:79, and officers are justified in initiating a traffic stop on that basis. *See State v. Waters*, 780 So. 2d 1053, 1056-57 (La. 2001); *see also United States v. Jones*, 185 F.3d 459, 463-64 (5th Cir. 1999). Because Hernandez's vehicle briefly touched the fog line, the state trooper had probable cause to believe a

No. 18-30406

traffic violation occurred, and this reasonable suspicion justified the traffic stop at its inception. *See Whren*, 517 U.S. at 810; *Jones*, 185 F.3d at 463-64.

Second, the Government must show that a search was within the scope of the defendant's consent. *See United States v. Freeman*, 482 F.3d 829, 832 (5th Cir. 2007). The scope of consent is governed by an objective reasonableness standard: "what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno*, 500 U.S. 248, 251 (1991). This court has held that general consent to search a vehicle gives an officer authority to a search under the hood of the car, *see United States v. McSween*, 53 F.3d 684, 688 (5th Cir. 1995), and extends to the vehicle's components so long as they can be searched without causing damage to the vehicle, *see United States v. Garcia*, 604 F.3d 186, 190 (5th Cir. 2010); *United States v. Flores*, 63 F.3d 1342, 1362 (5th Cir. 1995). In this case, the search of the battery was accomplished without damaging the vehicle. Thus, the search did not exceed the scope of Hernandez's generalized consent to search the vehicle. *See Garcia*, 604 F.3d at 190.

Based on the foregoing, the district court's denial of Hernandez's motion to suppress is AFFIRMED. *See Robinson*, 741 F.3d at 594.