**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2011

Lyle W. Cayce
Clerk

No. 10-50471
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ALVINO TORRES-ZUNIGA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-45-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alvino Torres-Zuniga (Torres) appeals the 120-month sentence imposed following his guilty plea to being an alien illegally present in the United States following a conviction for an aggravated felony. Torres argues that the district court clearly intended for his sentence to be an upward departure under the Sentencing Guidelines and that under Federal Rule of Criminal Procedure 32(h), he was entitled to notice of the court's intent to depart prior to the imposition of the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50471

Rule 32(h) provides in pertinent part that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." FED. R. CRIM. P. 32(h). Thus, under Rule 32(h), a district court cannot impose a departure unless it first notifies the parties that it is contemplating doing so. *United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011).

A "departure" is a "term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Id.* "The district court's authority to impose a departure emanates from 18 U.S.C. § 3553(b)(1) and, in turn, Chapter 5, Part K of the Guidelines." *Id.* (citation omitted). In contrast, a "variance" is a sentence imposed outside of the Guidelines framework. *Id.* The court's authority to impose a variance is discretionary and stems from § 3553(a). *Id.* "Rule 32(h)'s notice requirement does not apply to variances." *Id.* (citations omitted); *see also United States v. Mejia-Huerta*, 480 F.3d 713, 721-22 (5th Cir. 2007) (analyzing the notice requirement under the "post-*Booker* advisory Guidelines regime" and holding that Rule 32(h) applies to departures only and not to variances).

Neither party argues that the district court's orally pronounced sentence conflicts with the court's written statement of reasons. *See United States v. Garcia*, 604 F.3d 186, 191 (5th Cir.) (noting that "[w]here the orally-imposed sentence conflicts with the written judgment, the oral pronouncement controls"), *cert. denied*, 131 S. Ct. 291 (2010). However, the Government appears to acknowledge that there existed some ambiguity in the district court's oral pronouncement as a result of the court's use of the term departure. In cases where there is an ambiguity between the oral and written sentences, this court

No. 10-50471

reviews the entire record to determine the court's intent. *Garcia*, 604 F.3d at 191.

Read as a whole, the record clearly shows that the district court's intent was to impose a variance. Although the court made a single, brief reference to a "departure upward from the recommended guideline range" at the sentencing hearing, the court did not cite § 3553(b) or Chapter 5 of the Guidelines, and instead made reference to a § 3553(a) sentencing factor. In the statement of reasons, the court made a definite statement that it was imposing "a sentence outside the advisory sentencing guideline system" and again cited the same § 3553(a) factor as its justification for a sentence outside the recommended guideline range. Because the sentence imposed was a variance, rather than a departure, Rule 32(h)'s notice requirement does not apply. *See Mejia-Huerta*, 480 F.3d at 722.

AFFIRMED.