**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2012

No. 11-10908
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CAMERON BLAIR PRIMM,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-41-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cameron Blair Primm challenges being sentenced above the advisory Guidelines sentencing range to 80-months' imprisonment, following his guilty-plea conviction for possession, with intent to distribute, gamma-hydroxybutyric acid, a controlled substance. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). Prior to sentencing, the district court notified the parties of its tentative conclusion that the sentence imposed should be above the advisory range calculated for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presentence investigation report. As sentencing, the correct advisory range was determined to be 46 to 57 months.

Primm contends the district court imposed a variance but, in doing so, committed procedural error by failing to explain *how* it selected the extent of the variance and the reason for bypassing intermediate sentencing ranges.  He acknowledges, however, that the district court explained why it chose to impose a variance.   Additionally, Primm contends that, because there was no explanation of how the sentence was chosen, the sentence was necessarily arbitrary and, therefore, substantively unreasonable.

Although post-*Booker* the Sentencing Guidelines are advisory only, and a sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Our court reviews sentences for reasonableness in the light of the 18 U.S.C. § 3553(a) sentencing factors.  *Gall*, 552 U.S. at 46, 49-50 (2007).  And, the abuse-of-discretion standard applies "whether the sentence imposed is inside or outside the [advisory] Guidelines [sentencing] range".  *Id.* at 51.

A "sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more [sentencing] factors, and may adjust the sentence accordingly under § 3553(a)".  *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Accordingly, it may impose either of two sentence types that do not fall within the initially calculated advisory Guidelines sentencing range:   a departure, which is a sentence authorized by one or more provisions of the Guidelines; or a variance, which is a sentence that finds no specific authorization in the Guidelines.  *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

The district court determined that Primm merited a sentence outside the advisory sentencing range, but it did not definitively label the sentence as a departure or a variance. The court explained, however, that a sentence above the advisory sentencing range was appropriate because of: the nature and circumstances of the crime; Primm's history and characteristics; and the need to impose a sentence commensurate with the seriousness of the crime, to promote respect for the law, to provide just punishment, to deter criminal conduct, and to protect the public from recidivist activity. Therefore, the sentence was a variance. *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

Regarding the ultimate issue of substantive reasonableness, "the specific characterization [of the sentence] is irrelevant [if] the sentence imposed was reasonable under the totality of the relevant statutory factors". *Brantley*, 537 F.3d at 349. Resolution of substantive reasonableness, however, must be preceded by an examination of the sentence's procedural soundness. *Gall*, 552 U.S. at 49-50. To gauge the sentence's procedural soundness, whether a sentence is a variance or a departure is significant. *Cf. United States v. Ashburn*, 38 F.3d 803, 808-09 (5th Cir. 1994) (en banc), *with Mejia-Huerta*, 480 F.3d at 723.

The requirement that the district court examine bypassed criminal-history categories to arrive at a sentence outside the initial advisory Guidelines sentencing range derives from Guidelines § 4A1.3, which authorizes a departure. *See Ashburn*, 38 F.3d at 808-09. As discussed, Primm did not receive a departure sentence; therefore, the district court was not required to conduct a category-by-category analysis in imposing the variance. *See Mejia-Huerta*, 480 F.3d at 723. Accordingly, there is no merit to Primm's contention that the district court committed procedural error by not explaining how it chose the extent of that variance.

Needless to say, "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a)". *Gall*, 552 U.S. at 51. This

includes the determination whether the § 3553(a) factors support the variance imposed. *Id.* Primm points to no basis for forgoing a deferential review of the district court's choice of sentence. Instead, he bases his substantive-unreasonableness claim on his contention that procedural error necessarily resulted in the arbitrary selection of his sentence. Because he has not demonstrated any procedural error, Primm cannot prevail on his dependent claim of substantive unreasonableness.

AFFIRMED.