# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2014

Lyle W. Cayce
Clerk

No. 13-40087

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BETH JARVIS PETERSEN, also known as Beth Petersen Grable,

Defendant – Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:11-CR-10-1

Before JONES, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Beth Jarvis Petersen pleaded guilty to one count of theft of public funds in violation of 18 U.S.C. § 641. The district court sentenced her to 24 months imprisonment, an above-Guidelines sentence. She appeals, claiming that the above-Guidelines sentence is procedurally and substantively unreasonable. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40087

## I. Background

Petersen applied for and began receiving Supplemental Security Income ("SSI") benefits in January 2001 after she became disabled following a car accident. She received SSI benefits until February 2011. Prior to the prosecution in this case, Petersen never disclosed that she resided with her common-law husband, Steven Grable, during most of this period. To the contrary, Petersen represented that she was not married and that she did not receive additional income or resources from anybody. Petersen admitted that she did not disclose her common-law marriage because she knew she would not qualify for SSI benefits if she disclosed Grable's income. When her common-law marriage was discovered, Petersen was charged and pleaded guilty to theft of public funds.

The Presentence Investigation Report ("PSR"), which was received without objection, determined that Petersen's total offense level and her criminal history score resulted in a Guidelines range of 15 to 21 months of imprisonment. The PSR did not list any facts concerning the offense or Petersen that would warrant a departure from the Guidelines range. At sentencing, Petersen moved for a downward variance of 12 months, arguing that she had a long history of legitimate, well-documented mental and physical disabilities, making her less culpable than someone making a completely false benefits claim, and that her criminal history score overrepresented her criminal past. Petersen also argued that the fact that she self-surrendered rather than risk violating her supervisory custody should be considered mitigating evidence.

After considering the PSR, the nature of the offense, the Guidelines, and the 18 U.S.C. § 3553(a) factors, the district court adopted the PSR's findings and conclusions and denied the motion for a downward variance. The district court sentenced Petersen to 24 months, three months above the Guidelines

No. 13-40087

range and ordered restitution.[1]   In its sentencing, the district court stressed the seriousness of Petersen's crime.

Petersen objected to the above-Guidelines sentence as procedurally and substantively unreasonable, arguing that it violated her due process rights and was unsupported by the § 3553(a) factors.  She also requested the court make specific findings of fact and conclusions of law for why an upward variance was proper.   The district court overruled the objection and did not provide additional findings for the upward variance.  Petersen timely appealed.

## II. Discussion

We review a sentencing decision for "reasonableness," regardless of whether the sentence is within or outside of the Guidelines range.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).   We employ a

---

[1] We conclude that the district court mistakenly called the above-Guidelines sentence a "departure" rather than a "variance."  The PSR identified no grounds for a departure under the Guidelines, and the court did not cite any individual guideline as grounds for the sentence. "'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Irizarry v. United States*, 553 U.S. 708, 714 (2008).  Where there are ambiguities in oral and written pronouncements, this court looks to the entire record to determine intent. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001).  As the Court states in *Irizarry*, departures are based on section 3553(b), while variances are based on section 3553(a). 553 U.S. at 714–15. Since the sentencing judge stated that the non-Guidelines sentence was warranted based on section 3553(a) factors, we view this more properly as a variance, as we have done in the past. *See Torres-Zuniga*, 433 F. App'x 307, 308 (2011) (unpublished) (concluding that where a sentencing judge makes a reference to an upward departure but makes reference to section 3553(a) instead of 3553(b), the record shows an intent to impose a variance.)  Furthermore, the sentencing judge emphasized the nature of the crime as being a reason to give a non-Guidelines sentence, another reason that this situation is more properly considered a variance. *See, e.g., United States Primm*, 479 F. App'x 593, 595 (5th Cir.) (unpublished) (explaining that when a sentence above the range is appropriate due to factors like the nature and circumstances of the crime, it is properly considered a variance), *cert. denied*, 133 S. Ct. 557 (2012).  Importantly, in her brief to this court, Petersen analyzes the sentence as either a departure or a variance and does not brief any contention that the departure procedure was not followed.  Specifically, she does not brief any contention that she failed to receive adequate notice of a departure (mentioning it only in passing), and therefore, she waives any such argument. *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.").

bifurcated review process, first ensuring that "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). The next step is to assess the substantive reasonableness of the sentence under an abuse of discretion standard. *Id.*

A district court must provide a sufficient explanation of its sentence to allow us to conduct a meaningful review. *Id.* at 50. There are no formulaic requirements; instead, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). In the case of a non-Guidelines sentence, the district court should "articulate the reasons" showing the appropriateness of the sentence for the particular defendant. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Here, the district court complied with all procedural requirements for sentencing. The parties reviewed and commented on the PSR, and the district court properly calculated the Guidelines range, recognized the Guidelines were advisory, and considered the § 3553(a) factors as well as Petersen's allocution. We have previously held that a sentence will be upheld as procedurally reasonable "where the court at least acknowledged that § 3553(a) arguments had been made and devoted a few words to rejecting them." *United States v. Diaz Sanchez*, 714 F.3d 289, 294 (5th Cir. 2013) (citation and internal quotation marks omitted). Even when a judge imposes a non-Guidelines sentence, we do not require "robotic incantations" regarding each factor. *Id.* (citation and internal quotation marks omitted). Here, the district court did not include a detailed explanation for the variance, but it did clearly state that

it had considered the PSR in detail, considered Petersen's motion for variance, considered the nature of the crime, and considered both the Guidelines and the § 3553(a) factors. *See Diaz Sanchez*, 714 F.3d at 294 (declining to reverse a sentencing judge's refusal to grant a downward variance where the record showed the judge had considered the variance).

Further, the district court stated that Petersen's crimes were far-reaching because SSI fraud deprives individuals who are in true need from obtaining public assistance. While the record could benefit from a more robust explanation, the district court's statement is "minimally sufficient" to find that the sentence was procedurally reasonable. *See United States v. Bonilla*, 524 F.3d 647, 657 (5th Cir. 2008). This case is unlike that of *United States v. Mondragon-Santiago*, 564 F.3d 357, 363–64 (5th Cir. 2009), where the judge merely stated the guidelines range and gave no reasoning whatsoever. Here, the variance was slight, only three months, and therefore did not require as much explanation as a much greater variance might. *See Gall*, 552 U.S. at 50–51 (stating that the greater the variation from the guidelines sentence, the greater the need for an explanation).[2]

Petersen further claims that the district court based her sentence on a "clearly materially erroneous assumption" about the nature of the offense. There is no evidence in the record indicating the district court was confused

---

[2] The dissenting opinion's focus on the district court's statement about damage to those who need public resources overlooks the totality of the materials before the district court, all of which the court acknowledged and took into consideration in its decision. Indeed, the court noted that it considered the presentence report "in detail." The underlying crime involved not one episodic fraud but a continuing and knowing receipt of monies from a fraud stretching over at least eight years. The PSR, adopted by the district court without objection, documented at least four false applications (in 1997, 1998, 2001, and 2003) and her admission that she knew that the benefits would be discontinued if she revealed her common-law marriage and living arrangements. It was not necessary for the district court to repeat all this information after stating that the PSR was considered "in detail." *See Bonilla,* 524 F.3d at 657.

about the nature of Petersen's crimes; therefore, Petersen fails to show that the court procedurally erred based on its understanding of the offense. *See United States v. Warren*, 720 F.3d 321, 330–31 (5th Cir. 2013).

Finally, Petersen argues that the district court abused its discretion in giving her a substantively unreasonable sentence because it placed too much weight on the nature of her crime and failed to give proper weight to the information she offered in mitigation. "In reviewing a non-[G]uidelines sentence for substantive unreasonableness, the court will consider the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010) (citation and internal quotation marks omitted). Our review is a deferential one. *See Gall*, 552 U.S. at 51.

The district court indicated that it considered the mitigating evidence of Petersen's medical status and self-surrender before imposing her sentence. The district court also considered the severity of her criminal conduct: she lied about her marriage when applying for SSI, continued the fraud for at least eight years, and refused to cooperate with the Social Security Administration when it initially attempted to verify her marriage. Petersen has not demonstrated that the district court abused its discretion by not giving her mitigating information more weight. Furthermore, the sentencing decision by the district court is not subject to any legal presumption that the Guidelines sentence should apply. *See Rita*, 551 U.S. at 351. Finally, the variance of three months above the advisory range for a crime that lasted nearly a decade was reasonable and within the district court's discretion, especially since we have affirmed sentences with much larger variations from the Guidelines. *See, e.g., United States v. Rhine*, 637 F.3d 525, 529–30 (5th Cir. 2011) (affirming a sentence that was 143 months above the Guidelines maximum); *Key*, 599 F.3d at 475–76 (affirming a sentence that was 159 months above the Guidelines

No. 13-40087

maximum); *United States v. Smith*, 417 F.3d 483, 492–93 (5th Cir. 2005) (affirming a sentence that was 79 months above the Guidelines maximum). Given the totality of the circumstances, Petersen's sentence is substantively reasonable.

AFFIRMED.

No. 13-40087

JENNIFER WALKER ELROD, Circuit Judge, dissenting:

I respectfully dissent.  As a threshold matter, I disagree with the majority's characterization of Petersen's sentence as an upward variance, rather than an upward departure.  The district court and the parties repeatedly referred to Petersen's sentence as a "departure" at the sentencing hearing.  Indeed, during the sentencing hearing the district court orally denied Petersen's motion for a downward *variance* and then immediately stated that an upward *departure* was warranted.  The district court did so without prior notice and despite the fact that the government did not object to Petersen's motion.  Then, in the statement of reasons, the district court indicated that it "*depart[ed]* from the advisory guideline range" (emphasis added) under § 5K2.0 of the Sentencing Guidelines due to aggravating circumstances.  Section 5K2.0 outlines the "Grounds for *Departure*" authorized by the Guidelines.  U.S.S.G. § 5K2.0 (emphasis added); *see also Irizarry v. United States*, 553 U.S. 708, 714 (2008) (explaining that a departure refers to a sentence "imposed under the framework set out in the Guidelines").

If Petersen's sentence is analyzed as an upward departure due to aggravating circumstances, the district court's explanation for its sentencing decision was inadequate.  To explain its sentencing decision, the district court observed only that the theft of public funds harms those in need of public resources.  This statement does not describe an aggravating circumstance, which is defined as a "fact or situation that increases the degree of liability or culpability for a criminal act."  Black's Law Dictionary 277 (9th ed. 2009).  A generic observation about the effect of theft of public funds, which was the crime itself and not a separate aggravating factor, does not constitute a fact or situation that *increased* the culpability of Petersen's specific offense vis-à-vis the run-of-the-mill case.

No. 13-40087

Even assuming *arguendo* that the district court intended to impose an upward variance, its explanation was likewise inadequate.  Before imposing a variance, a district court must "carefully articulate" fact-specific reasons for the appropriateness of the variance "for that defendant."  *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2011); *see also United States v. Mondragon–Santiago*, 564 F.3d 357, 362–64 (5th Cir. 2009); *United States v. Reinhart*, 442 F.3d 857, 863 (5th Cir. 2006) (explaining that a district court satisfies the standard in *Mares* by "enumerat[ing] the factors on which its sentence is based").  The district court's limited explanation here—that theft of public funds harms those in need of public resources—does not meet that standard.

For all of these reasons, I would remand for resentencing.  *See United States v. Bell*, 371 F.3d 239, 246 (5th Cir. 2004) (vacating a sentence and remanding to the district court because its explanation for its sentencing decision was unclear).