# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2010

No. 10-50309
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOISES ULISES AGUILAR-MARTINEZ, also known as Moises Aguilar-Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2541-1

Before GARWOOD, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Moises Ulises Aguilar-Martinez appeals the 14-month consecutive sentence imposed following the revocation of his supervised release. Aguilar-Martinez argues that the sentence was unreasonable because it constituted an additional punishment for his new offense, instead of a penalty for his breach of trust for violating the terms of his supervised release. Aguilar-Martinez also argues that the sentence is greater than necessary to achieve the objectives of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the 18 U.S.C. § 3553(a) factors because he is a changed person from his criminal past and the reason underlying his repeated returns to the United States was to help his family.

Because Aguilar-Martinez did not object to the reasonableness of his revocation sentence in the district court, review is for plain error. *See United States v. Davis*, 602 F.3d 643, 646-47 (5th Cir. 2010). To show plain error, Aguilar-Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If Aguilar-Martinez makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In any event, Aguilar-Martinez has not demonstrated error, plain or otherwise.

As to Aguilar-Martinez's argument that the revocation sentence was unreasonable in light of the sentence imposed for his most recent conviction for illegal reentry, this court has rejected similar arguments. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). Further, the transcript of the revocation hearing reveals that the district court considered the § 3553(a) factors when imposing Aguilar-Martinez's revocation sentence. Specifically, the district court determined that the 14-month sentence was "a fair and reasonable sentence" necessary to reflect Aguilar-Martinez's criminal history of returning to the United States illegally, to promote respect for the law, and to provide adequate deterrence.

This court has held that "a rebuttable presumption of reasonableness also applies to a consecutive sentence imposed within the parameters of the advisory federal guidelines." *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). Further, running sentences for revocation of supervised release consecutively, rather than concurrently, is preferred under the Guidelines. *See* U.S. Sentencing Guidelines Manual § 781.3(f) & cmt. n.4 (2009) (policy statement).

Because the 14-month consecutive sentence falls squarely within the bounds of the eight to 14-month Guideline range, it is presumptively reasonable. *See Lopez-Velasquez*, 526 F.3d at 809. Because Aguilar-Martinez has failed to rebut this presumption, his sentence is AFFIRMED. *See id.*; *see also Davis*, 602 F.3d at 646-47.