NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0344n.06

No. 12-3679

**FILED**
Apr 30, 2014
DEBORAH S. HUNT, Clerk

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| KOLJO NIKOLOVSKI, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    CLAY and ROGERS, Circuit Judges; LUDINGTON, District Judge.[*]

PER CURIAM.   Defendant Koljo Nikolovski appeals the district court's sentence of 120 months in prison after he pleaded guilty to bank fraud and bribery, in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 215(a)(1), as well as his consecutive sentence of 96 months for money laundering in violation of 18 U.S.C. § 1957.   Nikolovski argues that the district court erred by employing an incorrect guidelines range and by imposing a substantively unreasonable sentence when it varied upward for both the substantive bank-fraud offense and the imposition of consecutive sentences.   Because the district court correctly calculated the guidelines ranges and varied upward from the guidelines range for bank fraud after considering the relevant statutory factors, the substantive sentences must be upheld.   However, the decision to impose consecutive rather than concurrent sentences, which raised the sentence to fully twice the maximum guidelines range, must be remanded.

_____

[*] The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

**I**

In February 2003, defendant Koljo Nikolovski recruited several co-defendants to fraudulently obtain loans from St. Paul Croatian Federal Credit Union ("St. Paul") in Eastlake, Ohio, for deposit in the bank accounts of either the defendant or his wife, co-defendant Rose Nikolovski. On March 2, 2011, a federal grand jury in the Northern District of Ohio, returned a superseding indictment charging him with: bank fraud, in violation of 18 U.S.C. § 1344; giving commissions or gifts for procuring bank loans (bank bribery), in violation of 18 U.S.C. § 215(a)(1); and engaging in monetary transactions in property derived from specified unlawful activity (money laundering), in violation of 18 U.S.C. § 1957. The defendant initially pleaded not guilty and intended to contest these charges at trial; however, he eventually agreed to forgo trial and on January 30, 2012, pleaded guilty to all counts.

The plea agreement provided that the "parties agree to recommend that the Court impose a sentence within the range and of the kind specified pursuant to the advisory Sentencing Guidelines," and that "neither party will recommend or suggest in any way that a departure or variance is appropriate." Moreover, Nikolovski agreed to partially waive his right to appeal the sentence imposed by the district court, specifically waiving the right to appeal the role-in-offense and receiving-more-than-$1 million enhancements, while retaining the general right to appeal a punishment that exceeds the statutory or guidelines maximum.[1]

_____

[1] In pertinent part, Nikolovski's plea agreement stated:

Defendant expressly and voluntarily waives [his appellate] rights, except as specifically reserved below. Defendant also agrees not to appeal or otherwise challenge collaterally an adverse ruling by the Court on the enhancement for Role in the Offense and/or Receiving more than $1 million from a financial institution . . . . Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and

The Probation Office generated a Presentence Report ("PSR") that provided an initial Guideline calculation of 108 months. The PSR began the calculation by noting that the offenses of conviction (bank fraud, bank bribery, and money laundering) are grouped together as one offense pursuant to U.S.S.G. § 3D1.2.[2] The PSR then determined the offense-level calculation in the money-laundering offense to be 7 based on the underlying bank-fraud offense. Therefore, the level was increased by 18 levels for the amount of loss ($5.88 million), 2 levels because Nikolovski received more than $1 million from a financial institution, 1 level because he was convicted of money laundering, and 4 levels because of his role in the offense—not his role in the money laundering, but his role as a purported organizer or leader in the bank fraud. The PSR did not reduce the offense level for acceptance of responsibility. Thus, the PSR calculated a total offense level of 32. The PSR's suggested offense level of 32 is the same as the offense level recommended in the plea agreement to the court by Nikolovski and the government.

At the sentencing hearing, the district court ultimately concluded that the offense level of 32 stated in the PSR was correct, except that Nikolovski was entitled to a three-point reduction for acceptance of responsibility, resulting in a total offense level of 29.

Accordingly, the district court concluded that Nikolovski's advisory guideline range was 87 to 108 months. Nikolovski's counsel sought a sentence of not greater than 46 months, emphasizing the violence in Nikolovski's childhood home in Skopje, Macedonia, the extent of

---

computations in this agreement, using the Criminal History Category found applicable by the Court; or (c) the Court's determination of Defendant's Criminal History Category.

[2] Grouping the offenses "prevent[s] multiple punishment for substantially identical offense conduct . . . . In essence, counts that are grouped together are treated as constituting a single offense for purposes of the guidelines." U.S.S.G. ch. 3, pt. D Intro. Comm. Nikolovski's convictions for bank fraud, bank bribery, and money laundering are grouped because "the offense level is determined largely on the basis of the total amount of harm or loss . . . ." U.S.S.G. § 3D1.2. This grouping of offenses is particularly relevant to the guidelines calculation with respect to the imposition of concurrent sentences, as discussed *infra*.

his family support, and the absence of a criminal record. The government, in contrast, emphasized Nikolovski's use of violent threats to carry out his activities and his wild use of his ill-gotten gains. Government counsel concluded by explaining that for those reasons, "a sentence at the high-end of the guideline range, which if I have calculated it correctly, is a sentence of 108 months, is appropriate."

The district court then turned to the § 3553(a) factors to impose the sentence. The court discussed the Guidelines factors, including some of Nikolovski's history and characteristics (including the fact that he had threatened people), the offenses at issue, and the need for proper punishment. The court noted that "we have some positive factors here and many negative ones." The court concluded:

> Well, I mean, I can go on and on, but you're getting an idea of how I feel about your conduct in this case. When I look at all these 3553(a) factors, you know, I'm half—I'm compelled to conclude a couple things here.
> Number one, you're a thief. Number two, you lie. Number three, you're a gambler. Number four, you bully people and you act like a thug. That's what all of this tells me here in front of me.
> Saint Paul's Croatian Federal Credit Union, now this is an ethnic credit union, these people are proud, hard-working people that spend all of their lives saving their money so they can have something for their retirement, and you and Raguz and others gut the place so you can party.
> I think what bothers me the most out of all this, money aside, put the money aside, is broken trust that all these members must have felt. This is their credit union. They—this is supposed to be their people, people that they can trust above everybody else in the world are the ethnics that they go to, socialize with, live in a community with, go to church with, all putting their money together totaling $238 million.
> Good for them. It shows how hard working they are and how much they save so they can have something when they retire. And then it collapses. Half of them must have had heart attacks. I would have, too.
> My point is, now that trust goes out the window and we hope that as people living in this country we can trust each other. It's never the case now. Everybody's getting ripped off every single day. And when trust goes out the window, our communities suffer and society suffers as a whole.
> I've talked enough. All right. Let's go ahead and sentence you.

The district court then sentenced Nikolovski to 120 months for the bank fraud and bribery convictions and 96 months for the money laundering conviction, stating that it had "decided to upward vary in this case based upon all the aggravating factors that [it had] gone over and rejecting the proposed range in the plea agreement."

In addition to the upward variance in sentence length, the district court ultimately decided that the sentences should run consecutively, resulting in a total imprisonment of 216 months, followed by three years of supervised release on all counts.[3] The court also ordered Nikolovski to pay $5,881,250 in restitution and an $1,800 special assessment. After the district court asked whether Nikolovski objected to the sentence, he stated that he did. Nikolovski now appeals.

## II

We review a district court's sentencing determination for reasonableness under a deferential abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). This reasonableness review involves two steps: (1) procedural and (2) substantive. *Id.*

---

[3] The parties acknowledged at oral argument that neither the PSR nor the district court specifically addressed the Guidelines' recommendation for concurrent sentences for grouped offenses. A district court has a duty to first address the Guidelines' recommendation for concurrent or consecutive sentences before considering § 3553(a) factors. Here, the Guidelines' recommendation determines the limits of Nikolovski's appeal waiver.

U.S.S.G. § 5G1.2 requires a sentencing court to determine the "total punishment," the Criminal History Category, and the defendant's guideline range. U.S.S.G. § 5G1.2 cmt. 1. In this case, because the offenses are grouped, the "total punishment" is derived from the adjusted combined offense level according to Part D of Chapter 3. *See* U.S.S.G. §§ 5G1.2, 3D1.5. According to the PSR, Nikolovski's adjusted combined offense level was a 29 and his criminal history corresponded to Criminal History Category I.

Section 5G1.2 then requires that the maximum sentence be imposed on each count up to the total punishment amount. The combined length of each sentence cannot exceed the total punishment. The comments further require that "all counts are to be imposed to run concurrently to the extent allowed by the statutory maximum sentence of imprisonment . . . ." U.S.S.G. § 5G1.2 cmt. 1 (emphasis added). In contrast, consecutive sentences are imposed only "to the extent necessary to achieve the total punishment." *Id.*

Based on Nikolovski's calculated "total punishment," his Guidelines range was 87–108 months. Because U.S.S.G. § 5G1.2 instructs any sentence exceeding 108 months to run concurrently, the court could only order consecutive sentences under the Guidelines if there was a justification for departure. *See* U.S.S.G. ch. 5, pt. K. And if the court did impose consecutive sentences in excess of 108 months, Nikolovski retained the right to appeal that sentence in his Rule 11 plea agreement.

In performing this two-step review, "[t]he district court's interpretation of the advisory Guidelines is reviewed de novo, and its findings of fact are reviewed for clear error." *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009). "This Court reviews the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement *de novo*." *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004) (quoting *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003)).

First, we evaluate the procedural reasonableness to "ensure that the district court did not commit significant procedural error such as: failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Brown*, 579 F.3d at 677 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). When reviewing a sentence for procedural reasonableness, "we must ensure that the district court 'correctly calculate[d] the applicable Guidelines range'" because it is "'the starting point and initial benchmark' of its sentencing analysis." *Bolds,* 511 F.3d at 579 (quoting *Gall,* 552 U.S. at 49). Next, we assess the substantive reasonableness of a sentence. As "[t]he essence of a substantive reasonableness claim is whether the length of the sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)," a sentence will be found substantively unreasonable if "the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Corp*, 668 F.3d 379, 386 (6th Cir. 2012) (internal quotation marks omitted).

**III**

Nikolovski argues that the district court made a mistake in calculating the highest offense level with which he could have been charged. The district court found that the highest offense level among the three possible offenses Nikolovski was charged with was an offense level of 29, while Nikolovski argues that the highest offense level should have been at an offense level 28, which would have carried a sentencing range of 78–97 months. He argues that the district court improperly used a base level of 7 instead of 6 when calculating the money laundering count and also added 4 points instead of 2 to the money laundering offense level when it found him to be an organizer or leader in a money laundering scheme that involved five or more participants. Without these 3 extra points (7 instead of 6 for the base level and 4 instead of 2 for the lead role in the money-laundering offense), bank fraud instead of money laundering would have been the offense with the highest offense level, and the proper sentencing range would be 78–97 months instead of 87–108 months.

Nikolovski's challenge to the calculation of the sentencing range does not require reversal. Nikolovski specifically waived the right to challenge the role-in-the-offense enhancement. The only remaining challenge to the calculation is that the district court used the wrong base offense level when it used a base offense level of 7.

This challenge fails, because 7 is the correct base offense level for bank fraud under § 2B1.1(a)(1). Subsection (a)(1) applies a 7-point base offense level "if (A) the defendant was convicted of an offense referenced to this guideline; and (B) that offense of conviction has a statutory maximum of 20 years or more." The commentary provides that "[f]or purposes of subsection (a)(1), an offense is 'referenced to this guideline' if . . . this guideline is the applicable Chapter Two guideline determined under the provisions of § 1B1.2 (Applicable Guidelines) for

the offense of conviction." U.S.S.G. § 2B1.1 cmt. n.2(A). In turn, § 1B1.2 determines the applicable guideline range by reference to Appendix A, which matches substantive offenses from the U.S. Code to particular guidelines. Here, Nikolovski was convicted of bank fraud under 18 U.S.C. § 1344, which Appendix A references to § 2B1.1 and which carries a maximum sentence of 30 years. Since Nikolovski was convicted of an offense referenced to § 2B1.1 and that offense has a statutory maximum of 20 years or more, the district court correctly used a base offense level of 7 points under § 2B1.1(a)(1).[4]

## IV

The district court did not abuse its discretion in imposing 120 months for bank fraud, which is above the suggested sentencing range of 87–108 months.[5] When analyzing a district court sentence above the suggested sentencing range, the relevant policy statement in the Guidelines provides for an upward departure under certain factors. *United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011). Immediately after pronouncing Nikolovski's sentences, the court stated that it had "decided to upward vary in this case based upon all the aggravating factors that [it had] gone over and rejecting the proposed range in the plea agreement," referring to its preceding, extensive discussion of § 3553(a) aggravating factors. This statement made

---

[4] This reading of § 2B1.1(a)(1) is consistent with this court's decision in *United States v. Abdelsalam*, 311 F. App'x 832 (6th Cir. 2009), which Nikolovski argues supports the application of a 6-point base offense level. *Abdelsalam* also involved a situation in which the base offense level for money laundering was calculated by borrowing the offense level of an offense that was referenced to § 2B1.1. However, *Abdelsalam* differs because the underlying offense did not meet the second prong of Subsection (a)(1)—receipt of stolen property, in violation of 18 U.S.C. § 2315, carried a maximum statutory penalty of only 10 years. Since the money laundering offense carried a statutory maximum term of imprisonment of 20 years, the question before the court was thus limited to "whether money laundering is 'referenced to [§ 2B1.1]'" for purposes of § 2B1.1(a)(1)(A). *Id.* at 845. In holding that money laundering was not "referenced to" § 2B1.1, the court appears to have held that "indirectly referenced offenses of conviction," namely those that are referenced to § 2B1.1 through an underlying offense that is directly referenced to § 2B1.1, are not covered by § 2B1.1(a)(1)(A). *See id.* In contrast, application of the 7-point base offense level for Nikolovski does not require reference to an "indirectly referenced offense of conviction," since bank fraud is directly referenced. Therefore, *Abdelsalam* does not control.

clear that the sentence constituted a variance from the Guidelines based on the court's discussion of the § 3553(a) factors. These aggravating factors included the substantial damage to St. Paul's members from Nikolovski's crimes, the fact that, notwithstanding the absence of criminal history points, Nikolovski threatened co-defendants and engaged in a pattern of threatening behavior toward others, and the need for the sentence to provide adequate deterrence and protect the public. The upward variance from 108 months to 120 months for bank fraud does not constitute an abuse of discretion in light of the court's lengthy discussion of the § 3553(a) factors.

**V**

**A**

However, the district court was unreasonable in failing to indicate clearly its reasons for imposing consecutive rather than concurrent prison terms, thereby increasing Nikolovski's sentence from 120 months to 216 months. "If multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). The exercise of this authority "is predicated on the district court's consideration of the factors listed in 18 U.S.C. § 3553(a), including any applicable Guidelines or policy statements issued by the Sentencing Commission." *Johnson*, 640 F.3d at 208 (citing 18 U.S.C. § 3584(b)). In reviewing the district court's application of the § 3553(a) factors, "there is no requirement . . . that the district court engage in a ritualistic incantation to establish consideration of a legal issue," or that it "make specific findings related to each of the factors considered." *Bolds*, 511 F.3d at 580 (internal quotation marks omitted). However, in order for a sentence over the suggested range to be reasonable, "the record must contain the district court's rationale for

---

[5] Although Nikolovski does not specifically challenge the upward variance with respect to the 120-month sentence for bank fraud, he generally challenges his total sentence as substantively unreasonable.

concluding that the 'sentence imposed is sufficient but not greater than necessary, to comply with the purposes' of sentencing set forth in 18 U.S.C. § 3553(a)." *Id.*

The ambiguous and cursory treatment of consecutive sentences in the sentencing transcript precludes any meaningful appellate review of the district court's decision. The district court announced Nikolovski's sentence in the following way:

> Okay. Mr. Nikolovski, it's the judgment of this Court that you are committed to the custody of the Bureau of Prisons for a term of 120 months on each Counts 7 through 14, 16 through 20, and 96 months on each Counts 21 through 25 to be served consecutively.
> The Court has decided to upward vary in this case based upon all the aggravated factors that I have gone over and [sic] rejecting the proposed range in the plea agreement.

This short statement provides the only reference to consecutive or concurrent sentences in the entire transcript. Because a court may vary upward after consideration of the § 3553(a) factors either by imposing a substantive sentence that exceeds the guidelines range or by having sentences run consecutively, the district court may have intended and accurately expressed a desire both to vary upward to the above-Guidelines 120-month sentence and to impose consecutive sentences. The transcript leaves little doubt that the district court intended to vary upward with the 120-month sentence based on the § 3553(a) factor analysis, so what is really at issue is whether the court's decision to vary upward based on the § 3553(a) factors also includes the decision to impose consecutive sentences. Any review of the decision to impose consecutive sentences would necessitate inferences that we decline to make when such serious penalties flow from so few words. Meaningful appellate review is only possible when the appellate court can accurately ascertain the actual rationale underlying a sentencing decision. *See United States v. Inman*, 666 F.3d 1001, 1004 (6th Cir. 2012). In this case, unlike in *Johnson*, the district court

did not sufficiently indicate that its reasons for imposing consecutive sentences were the same as those for which it determined the length of the defendant's sentence. *Johnson*, 640 F.3d at 208.

This court has explained, "[r]equiring district courts to conduct a separate § 3553(a) analysis for the concurrent or consecutive nature of the sentence would be repetitious and unwarranted." *United States v. Berry*, 565 F.3d 332, 343 (6th Cir. 2009). Thus, while the district court was not required to state a "specific reason for a consecutive sentence," *Johnson*, 640 F.3d at 208–09 (internal quotation marks omitted), it was nevertheless obliged to make "generally clear the rationale under which it has imposed the consecutive sentence." *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998). And the reasons for imposing a consecutive sentence are particularly important when the effect of imposing a consecutive sentence is to vary so significantly from the advisory guidelines.[6] The district court need not state its rationale explicitly, but may incorporate it by reference. *Berry*, 565 F.3d at 342–43.

**B**

Moreover, it is unclear from the transcript alone whether the district court actually intended to impose consecutive sentences. The only phrase that communicates the intent to vary upward yet more with a consecutive sentence is the single word "consecutively." This gives us pause. Common sense and experience tells us that the words "concurrently" and "consecutively," which are used in the same context, start with the same three letters, and have the same number of syllables, could easily be confused. A slip of the tongue or a mistake in reporting could have distorted the district court's intent, and there are no other clues in the transcript that would lead us to conclude with more confidence that the district court actually intended to impose consecutive sentences. The consequences of a potential mistake are large in

---

[6] Indeed, to merit even a 188-month sentence under the advisory guidelines, Nikolovski would have had to qualify as a career offender and have a category VI criminal history.

this case, as the word "consecutively" increased Nikolovski's sentence to fully twice the top of the Guidelines range.

This ambiguity deprives us of full confidence that the district court actually intended to impose consecutive sentences based on the § 3553(a) analysis, which already supports the decision to exceed the guidelines range for the bank fraud sentence. In order to ensure that the sentence that was actually imposed accurately reflects the district court's judgment, a remand is necessary for the district court to clarify or correct its decision expressed in the transcript.

**VI**

For the foregoing reasons, we **AFFIRM** Koljo Nikolovski's sentence of 120 months for bank fraud and bribery and 96 months for money laundering but **VACATE** the district court's decision to sentence him to consecutive terms and **REMAND** for the limited purpose of determining the extent to which the sentences are to be served consecutively or concurrently.

**CLAY, Circuit Judge, concurring in part and dissenting in part.** I agree with the majority's decision to affirm the Guidelines range employed by the district court in sentencing Koljo Nikolovski ("Defendant") to 120 months for bank fraud and bribery and 96 months for money laundering. However, I dissent from the majority's view that the appeal waiver did not foreclose Defendant's challenge to the base offense level utilized by the district court and the view that the trial judge may have mistakenly imposed consecutive sentences rather than doing so intentionally or without providing a sufficient explanation.

## BACKGROUND

In February 2003, Defendant recruited several co-defendants to fraudulently obtain loans from St. Paul Croatian Federal Credit Union ("St. Paul") in Eastlake, Ohio, for deposit in the bank accounts of either Defendant or his wife, co-defendant Rose Nikolovski. A federal grand jury, on March 2, 2011, returned an indictment charging Defendant with bank fraud, in violation of 18 U.S.C. § 1344, giving commissions or gifts for procuring bank loans (bank bribery), in violation of 18 U.S.C. § 215(a)(1), and engaging in monetary transactions in property derived from specified unlawful activity (money laundering), in violation of 18 U.S.C. § 1957. Defendant initially pleaded not guilty and indicated he intended to contest these charges at trial; however, he eventually agreed to forego trial and plead guilty to bank fraud, bribery, and money laundering pursuant to a Rule 11 plea agreement.

In the plea agreement, Defendant partially waived his right to appeal the sentence imposed by the district court: "Defendant also agrees not to appeal or otherwise challenge collaterally an adverse ruling by the Court on the enhancement for Role in the Offense and/or Receiving more than $1 million from a financial institution . . . ." Aside from those two explicit exceptions, Defendant "reserve[d] the right to appeal . . . any sentence to the extent it exceeds the

maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court . . . ." Thus, if Defendant's sentence exceeded the sentencing range under the Guidelines, then Defendant reserved the right to appeal the sentence with two explicit exceptions: he could not appeal the enhancements for his role in the offense or for receiving more than $ 1 million from a financial institution.

The Probation Office then generated the Presentence Report ("PSR"), which provided an initial Guideline calculation of 108 months. The PSR began the calculation by noting that the offenses of conviction here (bank fraud, bank bribery, and money laundering) are grouped together as one offense pursuant to U.S.S.G. § 3D1.2. Grouping the offenses "prevent[s] multiple punishment for substantially identical offense conduct . . . . In essence, counts that are grouped together are treated as constituting a single offense for purposes of the guidelines. U.S.S.G. Ch. 3 Pt. D Intro. Comm. Defendant's convictions for bank fraud, bank bribery, and money laundering are grouped because "the offense level is determined largely on the basis of the total amount of harm or loss . . . ." U.S.S.G. § 3D1.2.

The PSR determined the offense-level calculation in the money-laundering offense to be 7 based on the underlying bank-fraud offense. That level was increased by 18 levels for the amount of loss ($5.88 million), 2 levels because Defendant received more than $1 million from a financial institution, 1 level because he was convicted of money laundering, and 4 levels because of his role in the offense—not his role in the money laundering, but his role as a purported organizer or leader in the bank fraud. The PSR did not reduce the offense level for acceptance of responsibility. Thus, the PSR calculated a total offense level of 32. The PSR's suggested

offense level of 32 is the same as the offense level recommended in the plea agreement to the court by Defendant and the government.

At the sentencing hearing, the district court ultimately concluded that the offense level of 32 stated in the PSR was correct, except that Defendant was entitled to a three point reduction for acceptance of responsibility, resulting in a total offense level of 29. The parties acknowledged at oral argument that neither the PSR nor the district court specifically addressed the Guidelines' recommendation for concurrent sentences for grouped offenses. A district court has a duty to first address the Guidelines' recommendation for concurrent or consecutive sentences before considering § 3553(a) factors.

After determining that Defendant's Guidelines range was set at 87–108 months, the district court then turned to the § 3553(a) factors to impose Defendant's sentence. The court discussed the factors, including some of Defendant's history and characteristics (including the fact that he had threatened people), the offenses at issue, and the need for proper punishment. The court noted that "we have some positive factors here and many negative ones." The court described Defendant as a lying thief who bullied people and spent money lavishly on himself. The district court then sentenced Defendant to 120 months for the bank fraud and bribery convictions and 96 months for the money laundering conviction, stating that it had "decided to upward vary in this case based upon all the aggravating factors that [it had] gone over and rejecting the proposed range in the plea agreement . . . ."

In addition to the upward variance in the length of Defendant's sentence, the district court ultimately decided that the sentences should run consecutively, resulting in a total term of incarceration of 216 months, followed by three years of supervised release on all counts, and ordered Defendant to pay $5,881,250 in restitution and an $1,800 special assessment. After the

district court asked whether Defendant objected to the sentence, Defendant stated that he did.
Defendant filed a timely notice of appeal on May 21, 2012.

## DISCUSSION

### *Standard of Review*

"This Court reviews the question of whether a defendant waived his right to appeal his
sentence in a valid plea agreement *de novo*." *United States v. Swanberg*, 370 F.3d 622, 626 (6th
Cir. 2004) (quoting *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003)). We review a
district court's sentencing determination for reasonableness under a deferential abuse of
discretion standard. *United States v. Bolds,* 511 F.3d 568, 578 (6th Cir. 2007). This
reasonableness review involves two steps: (1) procedural and (2) substantive. *Id.* First, we
evaluate the procedural reasonableness to "ensure that the district court did not commit
significant procedural error such as: failing to calculate (or improperly calculating) the
Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors,
selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen
sentence." *Id.* (quoting *Gall v. United States,* 552 U.S. 38, 51 (2007)). Next, we assess the
substantive reasonableness of a sentence. As "[t]he essence of a substantive reasonableness
claim is whether the length of the sentence is greater than necessary to achieve the sentencing
goals set forth in 18 U.S.C. § 3553(a)," a sentence will be found substantively unreasonable if
"the district court selects the sentence arbitrarily, bases the sentence on impermissible factors,
fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any
pertinent factor." *United States v. Corp,* 668 F.3d 379, 386 (6th Cir. 2012) (internal quotation
marks omitted). In performing this two-step review, "[t]he district court's interpretation of the

advisory Guidelines is reviewed *de novo,* and its findings of fact are reviewed for clear error." *United States v. Brown,* 579 F.3d 672, 677 (6th Cir. 2009).

## I.      Defendant waived right to challenge the Guidelines Range

When reviewing a sentence for procedural reasonableness, "we must ensure that the district court 'correctly calculate[d] the applicable Guidelines range'" because it is "'the starting point and initial benchmark' of its sentencing analysis." *Bolds,* 511 F.3d at 579 (quoting *Gall,* 552 U.S. at 49). In this case, Defendant argues that the district court employed an incorrect Guideline range in determining his sentencing range.

Defendant argues that the district court made a mistake in calculating the highest offense level with which he could have been charged. The district court found that the highest offense level among the three possible offenses Defendant was charged with was an offense level of 29. That offense level carried a sentencing range of 87–108 months. Defendant argues that the highest offense level should have been at an offense level 28, which would have carried a sentencing range of 78–97 months. He argues that the district court improperly used a base level of 7 instead of 6 when calculating the money laundering count and also added 4 points instead of 2 to the money laundering offense level when it found Defendant to be an organizer or leader in a money laundering scheme that involved five or more participants. Without these three extra points (7 instead of 6 for base level and 4 instead of 2 for role in money-laundering offense), Defendant argues that bank fraud instead of money laundering would have been the offense with the highest offense level and would thus have made the sentencing range 78–97 months instead of 87–108 months.

Defendant signed a valid plea agreement in which he agreed to only appeal if the sentence handed out by the district court "exceeds the maximum of the sentencing range

determined . . . in accordance with . . . this agreement[.]" (R. 119, Plea Agreement, at 597.) This provision can be read in one of two ways. First, Defendant could have agreed not to appeal the sentence unless it exceeded 108 months, the top of the calculated range agreed to by Defendant in the plea agreement. This reading would permit us to consider Defendant's challenges to the calculation of the 29-point offense level. Because Defendant explicitly waived his right to challenge the role-in-the-offense enhancement, the only remaining challenge to the calculation would be whether the district court used an incorrect base offense level when it used a base offense level of 7.

Alternatively, Defendant may have agreed to only appeal sentences that varied upward from the statutory maximum of 108 months according to the court's consideration of the § 3553(a) factors. This reading would bar Defendant from challenging the base offense level used by the district court in calculating his sentencing range because had the district court decided not to vary upward the sentence from 108 to 120 months, Defendant would have had no right to appeal since his sentence would not have "exceed[ed] the maximum of the sentencing range determined" in the plea agreement. Defendant would thus be limited to only appeals of the 120-month substantive sentence, the imposition of consecutive sentences, and the substantive reasonableness of the entire sentence.

Because Defendant signed a valid plea agreement stipulating to the offense levels in question, the second reading is more likely. The parties' stipulated Guidelines computation in the plea agreement included a base offense level of 7 for fraud under U.S.S.G. § 2B1.1(a)(1). (R. 119, Plea Agreement, at 595.) Having asserted below that the proper base offense level was 7, Defendant is precluded on appeal from claiming that the base offense level was an error. *United States v. Demmler*, 655 F.3d 451, 458–59 (6th Cir. 2011). Based on several upward adjustments,

the parties further acknowledged that an offense level of 32, before a three-level reduction for acceptance of responsibility, "represented the correct computation of the applicable offense level." (R. 119, Plea Agreement, at 595.) This is what resulted in the district court finding an offense level of 29 and recommending a sentencing range between 87 and 108 months.

Despite specifically waiving the right to challenge the district court's sentencing enhancements for Defendant's role as an organizer or leader and receiving more than $1 million from a financial institution, Defendant challenges the district court's Guidelines calculations. As this Court has explained, however, "[c]riminal defendants may waive their right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily." *Swanberg*, 370 F.3d at 625 (citing *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001)).

Defendant in the plea agreement agreed not to appeal a sentence of 108 months or less, which corresponds to the applicable range for a total offense level of 29. Defendant acknowledged that the agreement constituted "the entire agreement between Defendant and the [government.]" (R. 119, Plea Agreement, at 605.) Before pleading guilty, Defendant confirmed that he had sufficient time to discuss the plea agreement with his attorney, that he understood and agreed to the plea agreement's terms and had no questions about the agreement.

Under this Court's *Demmler* decision, Defendant cannot challenge the base offense level of 7 because he agreed that the base offense level 7 was correct. 655 F.3d at 458–59. At sentencing, the district court applied the stipulated offense level of 29 and the correct sentencing range of 87-108 months. Thus, while Defendant may challenge the extent to which his sentence exceeds the Guidelines range, as preserved under the plea agreement, he cannot challenge the district court's underlying Guidelines calculations, including the base offense level to which Defendant specifically agreed below.

## II.     Defendant's sentencing proceedings

The district court sentenced Defendant to sentences of 120 months for bank fraud and bribery as well 96 months for money laundering, to be served consecutively, for a total of 216 months. (Pl.'s Br. at 3.) The 120 months for bank fraud are above the suggested sentencing range of 87–108 months. When analyzing a district court sentence above the suggested sentencing range, it is important to note that the relevant policy statement in the Guidelines provides for an upward departure under certain factors. *United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011).

In reviewing the district court's application of the § 3553(a) factors, "there is no requirement . . . that the district court engage in a ritualistic incantation to establish consideration of a legal issue," or that it "make specific findings related to each of the factors considered." *Bolds*, 511 F.3d at 580 (internal quotation marks omitted). However, in order for a sentence exceeding the suggested range to be reasonable, "the record must contain the district court's rationale for concluding that the 'sentence imposed is sufficient but not greater than necessary, to comply with the purposes' of sentencing set forth in 18 U.S.C. § 3553(a)." *Id.* The district court must provide an "articulation of the reasons [why it] reached the sentence ultimately imposed." *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005).

Defendant argues that the district court did not sufficiently explain its reasons for imposing consecutive sentences. However, the district court's remarks, viewed in context, indicate that the reasons for imposing consecutive sentences were the same as the court's reasons for exceeding the guidelines. Immediately after pronouncing Defendant's consecutive sentences, the court stated that it had "decided to upward vary in this case based upon all the aggravating factors that [it had] gone over and rejecting the proposed range in the plea agreement," (R. 157,

Sentencing Tr., at 865), referring to its extensive § 3553(a) discussion of aggravating factors. (R. 157, Sentencing Tr., at 859–64.) This statement made clear that the sentences constituted a variance from the Guidelines based on the court's discussion of the § 3553(a) factors. These aggravating factors included the substantial damage to St. Paul's members from Defendant's crimes, the fact that, notwithstanding the absence of criminal history points, Defendant threatened co-defendants and engaged in a pattern of threatening behavior toward others, and the need for the sentence to provide adequate deterrence and protect the public. (R. 157, Sentencing Tr., at 859– 64.) The upward variance from 108 months to 120 months for bank fraud as well as the imposition of consecutive sentences do not constitute an abuse of discretion in light of the court's lengthy discussion of the § 3553(a) factors.

Although Defendant may have preferred a separate or more detailed discussion regarding the court's decision to impose consecutive sentences, the court was not required to provide it. How much a district court says in explaining a sentence is a discretionary matter committed to the court's professional judgment. *Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011); *United States v. Lanning*, 633 F.3d 469, 474 (6th Cir. 2011). This Court has "never held that a district court is required to repeat a § 3553(a) analysis in its consideration of the consecutive or concurrent nature of a sentence when the same reasons for rejecting a downward variance also support the decision for a consecutive sentence." *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012) (quoting *United States v. Berry*, 565 F.3d 332, 343 (6th Cir. 2009)). As this Court has explained, "[r]equiring district courts to conduct a separate § 3553(a) analysis for the concurrent or consecutive nature of the sentence would be repetitious and unwarranted." *Id.* Thus, while the district court was not required to state a "specific reason for a consecutive sentence," *Johnson*, 640 F.3d at 208–09 (internal quotation

marks omitted), it was nevertheless obliged to make "generally clear the rationale under which it has imposed the consecutive sentence." *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998). The district court need not state its rationale explicitly, but may incorporate it by reference. *Berry*, 565 F.3d at 342–43.

It would have been preferable for the district court to have been clearer in imposing consecutive sentences, but the district court's remarks, viewed in context, indicate that the reasons for the consecutive sentences were the same as the court's reasons for exceeding the guidelines. The district court explained why it sentenced Defendant to serve consecutive sentences when it stated that it had "decided to upward vary in this case based upon all the aggravating factors." When the district court made that statement, it was referring to both the decision to sentence Defendant above the Guideline maximum sentence of 108 months as well as the reason the sentences should be served consecutively. The court also went to great lengths to explain the harm perpetrated by Defendant's criminal behavior. As a result, the district court did not abuse its discretion in sentencing Defendant to consecutive sentences.

## CONCLUSION

For the foregoing reasons, I would affirm Defendant's sentence of 120 months for bank fraud and bribery and 96 months for money laundering to be served in consecutive terms.