# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20799
c/w No. 13-20515
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HASSAN ALI PEJOUHESH,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-687

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Hassan Ali Pejouhesh was convicted following a jury trial of four counts of aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, one count of possessing stolen mail, in violation of 18 U.S.C. § 1708, and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. He argues that the evidence was insufficient to support his convictions and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erred by denying his motion to suppress. Because he preserved his challenge to the sufficiency of the evidence, our review is de novo. *See United States v. Alaniz*, 726 F.3d 586, 600 (5th Cir. 2013).

First, Pejouhesh argues that the Government failed to prove that he committed bank fraud because the evidence did not show that he opened the fraudulent bank accounts at issue and instead showed that he only made deposits into the accounts. If all permissible inferences are drawn in favor of the jury's verdict, a rational trier of fact could have found that Pejouhesh committed bank fraud. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir.) (en banc), *cert. denied*, 135 S. Ct. 170 (2014); *United States v. Salazar*, 958 F.2d 1285, 1290-91 (5th Cir. 1992). The evidence reflected that Pejouhesh fraudulently redirected mail to addresses that he controlled and stole information about his victims' identities, which he then used to open fraudulent bank accounts; used the fraudulent bank accounts to deposit stolen and fraudulent checks and to receive fraudulent transfers; and accessed and conducted transactions using the specific accounts identified in the indictment. Although there was no direct evidence that Pejouhesh opened the accounts, the considerable circumstantial evidence showed that he, at least, was involved in enabling the bank fraud and took actions to ensure that it succeeded; the evidence thus was sufficient to sustain his conviction under an aiding and abetting theory. *See United States v. Infante,* 404 F.3d 376, 385 (5th Cir. 2005); *United States v. Harvard*, 103 F.3d 412, 420 (5th Cir. 1997).

Second, Pejouhesh contends that the Government did not prove that he knew the mail in his possession was stolen and that the Government did not disprove that persons who lived with him were responsible for the mail theft. A review of the record supports that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Vargas-*

No. 12-20799
c/w No. 13-20515

*Ocampo*, 747 F.3d at 301. The evidence reflected that Pejouhesh diverted mail without the authorization of the intended recipients, controlled and accessed the addresses to which the mail was forwarded, and possessed mail that belonged to persons other than himself. The jury was entitled to infer that, absent a satisfactory explanation, Pejouhesh knew that the mail that he possessed was stolen. *See Barnes v. United States*, 412 U.S. 837, 845-46 (1973). The Government did not have to exclude every reasonable hypothesis of innocence, and the jury could have found Pejouhesh guilty based on a reasonable construction of the evidence presented. *See United States v. Jokel*, 969 F.2d 132, 134 (5th Cir. 1992).

Third, Pejouhesh argues that the evidence was insufficient to prove that he was guilty of aggravated identity theft because there was no evidence that he used counterfeit forms of identification in the name of another person to commit bank fraud. To the extent that he asserts that there was insufficient evidence that he committed bank fraud and, thus, he could not be guilty of improperly using the means of identification of another person during and in relation to that offense, his claim is unavailing; the evidence, as detailed, was sufficient evidence to convict Pejouhesh of bank fraud. His suggestion that the Government had to establish that he created false identification documents or falsely represented himself to be his victims also lacks merit; the Government had to prove only that Pejouhesh unlawfully used a means of identification belonging to another person, and his use of his victims' names, dates of birth, social security numbers and, in some cases, forged signatures was sufficient. *See* 18 U.S.C. §§ 1028(d)(7), 1028A; *Flores-Figueroa v. United States*, 556 U.S. 646, 648 (2009); *United States v. Stephens*, 571 F.3d 401, 404-05 (5th Cir. 2009).

Finally, Pejouhesh argues that court erred in denying his pretrial motion to suppress. He asserts that his consent to search his vehicles and storage unit

3

No. 12-20799
c/w No. 13-20515

was involuntary because he does not fully understand the English language. The evidence, viewed in the light most favorable to the Government, supports the district court's conclusion that Pejouhesh had an adequate understanding of the English language to provide consent. *See United States v. Gomez*, 623 F.3d 265, 269 (5th Cir. 2010). The testimony reflects that there was sufficient conversation between Pejouhesh and law enforcement agents to show that he knew English sufficiently well to comprehend the situation. *See United States v. Alvarado*, 898 F.2d 987, 991 (5th Cir. 1990). Further evidence, including other testimony offered at the suppression hearing and the presentence report, supported that Pejouhesh had no difficulties in understanding English. Thus, the district court's conclusion was plausible in light of the record. *See United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002); *United States v. Basey*, 816 F. 2d 980, 983 n.1 (5th Cir. 1987).

Therefore, the judgment of the district court is AFFIRMED. Pejouhesh's motion for reconsideration of the denial of his motion to stay the proceedings is DENIED.