# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50904

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

DANIEL ISAIAH THODY,

    Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-153

Before DAVIS, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant appeals his sentence imposed by the district court following a conviction on multiple counts of tax evasion. We VACATE the sentence and REMAND for further proceedings.

I.

Daniel Isaiah Thody contracted to make and sell airplane parts to the United States Government (Government). He then hid the income created by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50904

these sales from the IRS. Thody funneled his income, and thereby avoided reporting it to the IRS, through two corporate entities, WET Publishing (WET) and Middle Creek Construction (MCC).

The owners of WET and MCC authorized Thody to enter into Government contracts on their behalf. The airplane parts were sold pursuant to contracts between these entities and the Government, and the profits from the sales then went to the entities. Initially, Thody split the profits from the contracts with the owners. However, at some point, Chandler—who owned MCC—ordered Thody to stop using the MCC name. The record does not show whether MCC had contracts outstanding with the Government, at that time, whether Thody received money from these contracts, or whether Thody failed to pay Chandler any profits owed.

Thody believed he was a "sovereign citizen" not subject to federal law. He therefore believed that the Internal Revenue Code did not require him to pay taxes. The Government investigated Thody's business dealings and discovered that he concealed his income from the IRS. The Government therefore indicted him on five counts of tax evasion, and a jury convicted him on all counts.

In determining its sentence, the district court first calculated Thody's sentencing range under the Guidelines. His conviction for tax evasion established a base offense level of sixteen. The district court then applied adjustments totaling six levels: two for obstruction of justice, two for sophistication of the offense, and two for failing to identify the source of income from criminal activity. This provided a combined offense level of twenty-two, which had a corresponding sentencing range of forty-one to fifty-one months imprisonment and one to three years of supervised release.

After considering the Guidelines, the district court stated that "the guideline range is appropriate." It then imposed the following sentence:

2

No. 14-50904

[imprisonment] for a term of 45 months on Count One and Two to run consecutive to each other for a total of 90 months. And 41 months on Counts three, four, and five to run concurrently with all other counts. . .[Thody] shall pay restitution in the amount of $162, 857. . .And upon release from imprisonment, [Thody] shall be placed on supervised release for a term of three years on each of counts one through five to run concurrently.

The court also imposed an employment restriction on his supervised release, prohibiting Thody from entering into contracts with the Government.

Thody now appeals this sentence arguing that it was not warranted by statute, or alternatively, that it was not reasonable.

## II.

Thody first argues that his sentence was not authorized by statute. His sentence consisted of three parts: imprisonment, restitution, and supervised release. Each is discussed below:

## A.

We first evaluate whether the district court had statutory authority to impose consecutive sentences on counts one and two. We review de novo whether the district court imposed an illegal sentence.[1]

The statutory maximum sentence on a single count of tax evasion is sixty months.[2] However, 18 U.S.C. § 3584 gives the district court discretion to order consecutive sentences on multiple counts of conviction.[3] In particular, it authorizes that on multiple counts "the terms may run concurrently or consecutively."[4] Therefore, under 18 U.S.C. § 3584, the district court had

---

[1] *See United States v. Nolen*, 472 F.3d 362, 382 n.52 (5th Cir. 2006) ("[A]n illegal sentence always constitutes plain error.").

[2] 26 U.S.C. § 7201.

[3] 18 U.S.C. § 3584(a).; *see, e.g*, *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015) ("[T]he district court acted within its discretion in imposing consecutive sentences for [multiple counts].").

[4] 18 U.S.C. § 3584.

No. 14-50904

discretion to impose ninety-months of imprisonment by ordering consecutive terms of forty-five months on two counts of conviction.

B.

Thody also argues, and the Government concedes, that the district court improperly ordered restitution as a part of his tax evasion sentence. We have held that restitution cannot be imposed as part of a tax evasion sentence.[5] Although the district court may order restitution as a condition of supervised release, it may do so only if the defendant admits the amount of the tax liability or the Government establishes the amount of the tax liability at trial.[6] As both parties recognize, the district erred when it imposed restitution as a part of Thody's sentence for tax evasion, and we vacate that portion of the sentence. Nonetheless, we remand to allow the district court to consider whether to impose restitution as a condition of supervised release.

C.

Finally, Thody argues that the district court lacked authority to prohibit him from contracting with the Government as a condition of his supervised release. Thody asserts that this occupational restriction is neither reasonably related to tax evasion nor necessary to protect the public. We review conditions on supervised release for an abuse of discretion.[7]

A district court has discretion to impose conditions on supervised release, but only if the condition is reasonably related to: the nature and circumstances of the offense, the need to afford adequate deterrence, the need to protect the public from future crimes, and the need to provide treatment to

---

[5] *Nolen*, 472 F.3d at 382 ("Restitution is not allowed under § 3663 as part of the sentence in a federal tax evasion case.").

[6] *United States v. Smith*, 430 F. App'x 357, 358 (5th Cir. 2011).

[7] *United States v. Coenen*, 135 F.3d 938, 940 (5th Cir. 1998).

No. 14-50904

a defendant.[8] Moreover, if a condition is required, it must be imposed to the "minimum extent necessary."[9]

Restricting Thody from entering into Government contracts meets none of these criteria. The employment restriction is not reasonably related to Thody's offense of tax evasion. The restriction necessarily focuses on how Thody *earns* income, whereas his conviction had nothing to do with the source of Thody's income or how he earned it. Instead, tax evasion related to his fraudulent refusal to pay taxes on his earnings. Moreover, the restriction is not needed to protect the public from further tax evasion by Thody. The restriction cannot impede him from fraudulently failing to pay his taxes—Thody might refuse to pay taxes on his income, regardless of the source of that income. Thus, we must vacate the district court order to the extent it imposes this employment restriction as a condition of supervised release.

## III.

Thody also argues that the district court's sentence is not reasonable. Procedural reasonableness requires that the district court properly calculate the Guidelines range, consider the factors in 18 U.S.C. § 3553(a), and adequately explain its sentence.[10] Thody asserts that the district court neither adequately explained its reasons for its sentence nor properly calculated his Guidelines range.

## A.

Thody argues that the district court did not adequately explain its reasons for its sentence. Because Thody did not contemporaneously object to

---

[8] *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (citing 18 U.S.C. § 3583 (d)); *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001).

[9] U.S. Sentencing Guidelines Manual § 5F1.5(b).

[10] *United States v. Rhine*, 637 F.3d 525, 527 (5th Cir. 2011).

5

the district court's explanation at trial, we review for plain error.[11] An error is plain only if it (1) was clear, (2) affected a defendant's substantial right, and (3) seriously affected the fairness, integrity, and public reputation of the proceeding.[12]

Thody contends that the district court erred when it failed to explain its reasons in a written statement. We disagree. We do not impose such formulaic rules on the district court: an explanation may be given in open court, a written judgment, or in a statement of reasons.[13] The purpose of an explanation is to allow for meaningful appellate review and to promote the perception of fair sentencing.[14] Accordingly a transcript of oral statements allows for thorough review just as a written statement would.

Alternatively, Thody makes a conclusory statement that the oral reasons for his sentence were inadequate. The degree of explanation that a district court must give will depend on the type of sentence.[15] A within-Guidelines sentence requires little explanation.[16] However, a non-Guidelines sentence requires more.[17] If the district court imposed a non-Guidelines sentence, it must articulate its reasons based on the statutory factors of 18 U.S.C. § 3553(a).[18]

---

[11] *United States v. Ferguson*, 369 F.3d 847, 849 (5th Cir. 2004); *see also United States v. Lopez-Velasquez*, 536 F.3d 804, 806 (5th Cir. 2014).

[12] *United States v. Andino-Ortega*, 608 F.3d 305, 309 (5th Cir. 2010).

[13] *See* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state *in open court* the reasons for its imposition of the particular sentence." (emphasis added)); *United States v. Powell*, 402 F. App'x 930, 932 (5th Cir. 2010) (noting that there was a "lack of reasons in the written judgment."); *United States v. Gonzalez*, 445 F.3d 815, 820 (5th Cir. 2006) (explaining that both the explanations made "in open court and in its statement of reasons, satisfied the requirements of § 3553(c)(2).").

[14] *Gall v. United States*, 552 U.S. 38, 50 (2007).

[15] *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

[16] *United States v. Mondrago-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009).

[17] *See United States v. Peterson*, 552 F. App'x 389, 392 (5th Cir. 2014).

[18] *United States v. Fraga*, 704 F.3d 432, 438-49 (5th Cir. 2014).

No. 14-50904

Here, the district court imposed a non-Guideline sentence. The Guidelines, with exceptions not here relevant, require that a sentence on multiple counts run concurrently.[19] In this case, when the district court imposed a ninety-month sentence, by imposing two terms of forty-five months to run consecutively, it varied from the Guidelines recommendation of a forty-one to fifty-one month sentence.

Because it imposed a non-Guidelines sentence, the district court needed to provide a more detailed explanation of its reasoning. The court gave the following reasons:

> the defendant is a person that questions and challenges the jurisdiction of the Court, [and] does not acknowledge the validity of the statute of which he was convicted of. [Therefore][,] [w]ithout an adequate and sufficient sentence, the defendant will not be deterred and will continue his unlawful activities in an identical or similar fashion.

The district court's reasons adequately explained the basis for Thody's sentence. First, the court explained that Thody's sovereign citizen beliefs caused him to reject federal law and also reject the notion that it applied to him. Second, because Thody continued to believe that federal taxes were voluntary, the district court explained that an above-guideline sentence was needed to motivate him to pay taxes in the future. Thus, even applying the

---

[19] U.S. Sentencing Guidelines Manual § 5G1.2; *see, e.g.*, *United States v. Johns*, 732 F.3d 736, 738-39 (7th Cir. 2013) ("[T]he guideline range [was] 97 to 121 months" but "[t]he court imposed an above-guidelines range sentence: 120 months concurrent on Counts One and Two, and 40 months consecutive on Count Three, for a *total* of 160 months." (emphasis added)); *see also United States v. Nikolovski*, 565 F. App'x 397, 400, 403 (6th Cir. 2014) (considering a sentence with "a total imprisonment of 216 months" when the "advisory guideline range was 87 to 108 months" the appellate court explained that "a [district] court may vary upward…by imposing a substantive sentence that exceeds the guidelines range *or* by having the sentence run consecutively" (emphasis added)); *cf. United States v. Aguilar-Martinez*, 405 F. App'x 812, 813 (5th Cir. 2010) (noting that "the 14-month consecutive sentence falls squarely within the bounds of the eight to 14-month Guideline range.").

No. 14-50904

more burdensome standard of a non-Guideline sentence, under plain error review, the district court gave an adequate explanation.

## B.

Thody next argues that the court should not have adjusted his offense level based on § 2T1.1(b)(1).[20] This Guideline requires a two-level adjustment "[i]f the defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity."[21] Generally, "criminal activity" is any conduct that is an offense under federal or state law.[22]

The Government argued on appeal that Thody procured his income by defrauding Chandler through either identification fraud or wire fraud by continuing to use the MCC name to acquire Government contracts after Chandler withdrew his consent for this practice.[23] Identification fraud requires using the identification of another without authority to commit an unlawful act.[24] Similarly, wire fraud requires a scheme to defraud, the use of wire communications, and a specific intent to defraud.[25] The record does not support this argument because the Government presented insufficient evidence to establish that Thody defrauded Chandler. Chandler testified that he withdrew consent from Thody to use the MCC name. But he did not specify when this occurred; whether MCC still had contracts outstanding with the Government;

---

[20] We review application of § 2Tb1.1(b)(1) for clear error. *United States v. Heard*, 709 F.3d 413, 423 (5th Cir. 2013).

[21] U.S. Sentencing Guidelines Manual § 2T1.1(b)(1).

[22] *Id.* at cmt. n.4.

[23] The district court held that Thody failed to report income from criminal activity because of his underlying offense of tax evasion. However, the government abandoned this argument on appeal. And rightly so because, as recognized by our sister circuit, tax evasion may not serve as the "criminal activity" that justifies the enhancement. *See United States v. Ford*, 988 F.2d 347, 350 (9th Cir. 1993); *United States v. Ladum*, 141 F.3d 1328, 1342-43 (9th Cir. 1998).

[24] 18 U.S.C. § 1028(a)(7); *see also United States v. Pejouhesh*, 603 F. App'x 347, 348 (5th Cir. 2015).

[25] 18 U.S.C. § 1343; *see also United States v. Benns*, 740 F.3d 370, 375 (5th Cir. 2014).

No. 14-50904

or if contracts were outstanding, whether Thody deprived him of any profits. Thus, insufficient evidence exists to show that Thody defrauded Chandler by using the MCC name, and the court erred in applying this adjustment.

An incorrect Guidelines calculation, including an improper adjustment, "will usually invalidate a sentence."[26] If the district court makes such a procedural error, we must remand for resentencing unless the error was harmless.[27] An error is harmless only if it "did not affect the district court's selection of the sentence imposed."[28] Here, the two-point adjustment for failure to report income from criminal activity may well have affected the district court's sentence. The district court purported to make a sentence consistent with "the guideline range." Moreover, to calculate the guideline range, it relied on the two-level adjustment for criminal income. Without the two-level adjustment, the Guideline range would have been thirty-three to forty-one months, and therefore, the district court may not have imposed the sentence that it did. Accordingly, we must vacate the sentence to this extent and remand for resentencing.

## IV.

For the above reasons, we VACATE the sentence and REMAND for resentencing for the district court to: (1) remove the employment restriction as a condition of Thody's supervised release, (2) reconsider whether restitution should be imposed as a condition of Thody's supervised release, and (3) reconsider its sentence without application of the two-level adjustment under § 2T1.1(b)(1).

---

[26] *United States v. Ibarra-Luna*, 628 F.3d 712, 717 (5th Cir. 2010).

[27] *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).

[28] *Id.* (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).